# EXHIBIT 1

## IN THE CHANCERY COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE MEMPHIS BRANCH (NAACP), ANGELA BARKSDALE, DR. NOEL HUTCHINSON , TAMARA HENDRIX and JANICE F. SCOTT, <br><br> Plaintiffs, <br><br> v. <br><br> SHELBY COUNTY ELECTION COMMISSION, LINDA PHILLIPS in her official capacity as Administrator of the Shelby County Election Commission, NORMA LESTER, ROBERT MEYERS, DEE NOLLNER, ANTHONY TATE and STEVE STAMSON in their Official Capacities as Members of the Board of Commissioners of the Shelby County Election Commission, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

SHELBY COUNTY
CHANCERY COURT
JUL 0 6 2018
DONNA L. RUSSELL, C & M
TIME: 4.29 BY: CA

No. CH-18-1003-2

## VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF
## AND DECLARATORY JUDGMENT

TO THE CHANCELLORS OF THE CHANCERY COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS:

Plaintiffs, in their individual capacities, by and through the undersigned counsel, file their Complaint for Injunctive Relief and Declaratory Judgment against defendants Shelby County Election Commission, Linda Phillips in her official capacity as Administrator for the Shelby County Election Commission and Norma Lester, Robert Meyers, Dee Nollner, Anthony Tate and Steve Stamson, in their Official Capacities as Members of the Board of Commissioners of the Shelby County Election Commission, and state as follows:

## INTRODUCTORY STATEMENT

Under Tennessee law, Tenn. Code Ann. § 2-6-102, Shelby County's early voting period for the August 2018 election is July 13-July 28, 2018. On or about June 26, 2018, the Shelby County Election Commission, having given little or no advance notice to the public, voted to open the Shelby County Agricultural Center as the sole early voting location for Shelby County during the first four (4) days of early voting for the August 2018 election.

On or about June 30, 2018, the Shelby County Election Commission, after extreme opposition to the approved course of action was brought to the Commission's attention by numerous members of the voting public in Shelby County, as well as by members of the Election Commission and members of the Board of Commissioner of Shelby County, voted to open three additional sites for the first four days of early voting for the August 2018 election. Those sites are Abundant Grace Fellowship on Shelby Drive in Memphis, Tennessee, New Bethel Missionary Baptist Church on Poplar Pike in Germantown, Tennessee and the Shelby County Election Commission's elections operations office located on Nixon Drive at Shelby Farms, in very close proximity to the Shelby County Agricultural Center.

Because the action of the Shelby County Election Commission was taken only after two or more members of the Shelby County Commission engaged in secret meetings in violation of the Tennessee Open Meetings Act and the discriminatory impact it has on the plaintiffs ability to vote in violation of Tenn. Code Ann. § 2-12-116 and 42 U.S.C. 1973, Plaintiffs now file this lawsuit.

## PARTIES AND JURISDICTION

1.      Plaintiff Angela Barksdale is a resident citizen of Shelby County, Tennessee and is a registered voter in Shelby County, Tennessee.

2.      Plaintiff Dr. Noel Hutchinson is a resident citizen of Shelby County, Tennessee and is a registered voter in Shelby County, Tennessee.

3.      Plaintiff Tamara Hendrix is a resident citizen of Shelby County, Tennessee and is a registered voter in Shelby County, Tennessee.

4.      Plaintiff Janice F. Scott is a resident citizen of Shelby County, Tennessee and is a registered voter in Shelby County, Tennessee.

5.      Plaintiff National Association for the Advancement of Colored People-Memphis Branch (hereinafter referred to as "Memphis NAACP") is a non-partisan, nonprofit organization founded in 1917. The mission of the Memphis NAACP is to ensure the political, educational, social, and economic equality of rights of all persons and to eliminate racial hatred and racial discrimination. In furtherance of this mission, the Memphis NAACP advocates to ensure that racial minorities are represented in the local, state and national legislative bodies by representatives who share the community's interests, values and beliefs and who will be accountable to the community. The Memphis NAACP routinely engages the community in voter-registration drives and encourages community members to vote in its get-out-the-vote (GOTV) exercises. The June 26 and June 29, 2018 vote of the Shelby County Election Commission will harm the African-American citizens of Shelby County by significantly impairing their voting rights and opportunities as compared to white voters in Shelby County, Tennessee due to the locations of the four sites selected for early voting by the Shelby County Election Commission.

6.     Defendant Shelby County Election Commission is a governmental entity licensed and authorized to do business in the State of Tennessee, with its elections operations office located at 980 Nixon Drive in Memphis, Tennessee.

7.     Defendants Norma Lester, Robert Meyers Dee Nollner, Anthony Tate and Steve Stamson (collectively referred to as "the Shelby County Election Commissioners") are presently serving as the duly-appointed members of the Shelby County Election Commission.

8.     Defendant Linda Phillips is the Administrator for the Shelby County Election Commission.

9.     The Shelby County Election Commissioners are being sued solely in their official capacities as members of the Board of Election Commissioners.

10.     Linda Phillips is sued solely in her official capacity as Administrator of the Shelby County Elections Commission.

11.     All defendants are residents of Shelby County, Tennessee.

12.     This Court has jurisdiction in this action pursuant to 42 U.S.C. § 1973 et seq., T.C.A. § 8-44-106(a), T.C.A. § 2-3-101 et seq., T.C.A. § 2-3-201 et seq. and Article I, Section 5 and Article IV, Section 1 of the Tennessee Constitution.

13.     Venue of this action is proper in this Court.

**COUNT I –**
**VIOLATION OF TENNESSEE OPEN MEETINGS ACT,**
**TENN. CODE ANN §§ 8-44-101 to 8-44-201**

14.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 13.

15.     The Tennessee Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 to 8-44-201, enacted in 1974, has long established the fundamental public policy of Tennessee "that the

formation of public policy and decisions is public business and shall not be conducted in secret," Tenn. Code Ann. § 8-44-101(a).

16.     Pursuant to the Tennessee Open Meetings Act, Tenn. Code Ann. § 8-44-102(a), "[a]ll meetings of any governing body are declared to be public meetings open to the public at all times, except as provided by the Constitution of Tennessee."

17.     The Shelby County Election Commission, which is comprised of the Shelby County Election Commissioners who have been named as defendants in this lawsuit in their official capacity, constitutes a "governing body" for purposes of the Tennessee Open Meetings Act, as defined in Tenn. Code Ann. § 8-44-102(b), and the Shelby County Election Commission and each of the Shelby County Election Commissioners are subject to the requirements of the Tennessee Open Meetings Act.

18.     Plaintiffs are citizens of Tennessee whose right of access to public meetings under Tenn. Code Ann. § 8-44-102(a), upon information and belief, has been violated by, and whose rights have otherwise been affected by, the violations of the Tennessee Open Meetings Act that have been committed by two or more of the Shelby County Election Commissioners and Shelby County Election Commission Administrator Linda Phillips.

19.     Upon information and belief, on or prior to June 26, 2018, outside of any public session, without adequate notice to the public, and in secret, two or more of the Shelby County Election Commissioners discussed, deliberated toward a decision on, or reached a decision concerning the subject matter of the resolutions ultimately approved in public session of the Election Commissioners on or about June 26, 2018 and June 29, 2018.

20.     Upon information and belief, some or all of the discussions or deliberations regarding the subject matter of the Resolution took place by telephone, text message and electronic mail.

21.     For purposes of the Tennessee Open Meetings Act, these discussions or deliberations constituted one or more meetings under Tenn. Code Ann. § 8-44-102(b)(2) and (c).

22.     Upon information and belief, by conducting or participating in these secret meetings, two or more of the Shelby County Election Commissioners denied Plaintiffs and other members of the public access or admittance to their discussions or deliberations and violated Tenn. Code Ann. § 8-44-102(a).

23.     Upon information and belief, by failing to give adequate public notice of these secret meetings, two or more of the Shelby County Election Commissioners violated Tenn. Code Ann. § 8-44-103.

24.     Based on these violations of the Tennessee Open Meetings Act, and pursuant to Tenn. Code Ann. § 8-44-105, the action of the Election Commissioners in adopting the resolutions on or about June 26 and June 29, 2018 is, and should be declared by this Court to be, void and of no effect.

25.     Pursuant to Tenn. Code Ann. § 8-44-106, Plaintiffs should be awarded their reasonable fees and expenses incurred in bringing this action.

26.     The rights of Plaintiffs and other members of the public to attend meetings of the Shelby County Election Commission, upon information and belief, have been, are being, and will continue to be violated by the actions of two or more of the Shelby County Election Commissioners.

27.     Upon information and belief, Plaintiffs and other members of the public will suffer immediate and irreparable injury, loss, or damage before notice can be served and a hearing held on the request for injunctive relief in this matter.  Accordingly, no adequate remedy at law exists to protect the rights of Plaintiffs and other members of the public under the Tennessee Open Meetings Act.

28.     Pursuant to Tenn. Code Ann. § 8-44-106(c), the Shelby County Election Commissioners should be preliminarily and permanently enjoined from committing any further violations of the Tennessee Open Meetings Act by entry of injunctive relief as set forth more fully in the prayer for relief below.

## COUNT II –
## VIOLATION OF TENNESSEE ELECTION LAWS,
## TENN. CODE ANN § 2-12-116, *ET SEQ.*

29.     Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1 through 28.

30.     Under most circumstances, many of the duties of the county election commissions listed in the Election Code may fairly be described as ministerial, such as certifying voting machines, keeping and writing the minutes of commission meetings, and determining a uniform time for opening the polls. *See* Tenn. Code Ann. § 2-12-116(6), (12), & (13).

31.     Other duties in the Election Code, however, inherently involve a level of discretion and judgment. For example, county election commissions are required to "promulgate such policies as are necessary to aid the personnel of the election commission office in the performance of their duties." Tenn. Code Ann. § 2-12-116. They also are charged with appointing an administrator of elections, approving a budget, hiring legal counsel, and adopting

7

and implementing procedures to preserve the integrity and security of the vote. *McFarland v. Pemberton*, 530 S.W.3d 76, 91-92 (Tenn. 2017).

32.     The Shelby County Election Commission and its board members are named as defendants in this lawsuit in their official capacity as Commissioners.

33.     Plaintiffs are citizens of Tennessee whose rights of access to vote have been infringed upon under Tenn. Code Ann. § 2-12-116, and 42 U.S.C. 1973 (cited *infra*) upon information and belief, and has been violated by, and whose rights have otherwise been affected by, the violations and actions of the Shelby County Election Commission and its commissioners.

34.     Pursuant to T.C.A. § 2-12-116(1-16), the Chairman of the Election Commission, Robert Myers, and the Administrator of the Election Commission, Linda Phillips, have willfully created a discriminatory circumstance that detrimentally impacts the votes of core- Shelby County citizens by adopting a resolution that severely infringes on the right to vote for minorities in the inner city of Memphis and Shelby County.

35.     Upon information and belief, the Resolution seeks to open voting locations for the first four days of early voting only in geographical locations that are primarily inaccessible to core city and county citizens, which will have a detrimental effect on voting participation among core minority voters. As previously stated, early voting in Shelby County lasts for only a total of 16 days. If Defendants were to successfully implement the "four day head-start" resolution that would restrict early voting to the four approved locations, the majority-white electorate that lives and works in the neighborhoods of three of the proposed sites would have a substantially greater opportunity to exercise their votes early than the majority of the African-American citizenry within the core of Shelby County.

8

36. In essence, the Defendants seek to give 16 days of early voting to areas in which a majority of the voting persons working and/or residing in those areas are white voters and only 12 days of early voting to those African-American voters that cannot access three of the four proposed "head-start" early voting sites. A large number of African-American voters rely on public transportation for employment and residential needs. Those same persons would have to rely upon public transportation to transport them across the County to simply exercise their right to vote for the first four days of the early voting period.

37. Based on the violations of Tenn. Code Ann. § 2-12-116, *et seq.*, the actions of the Election Commissioners and Shelby County Election Commission in adopting the Resolutions are, and should be declared by this Court to be, void and of no effect.

38. Upon information and belief, Plaintiffs and other members of Shelby County will suffer immediate and irreparable injury, loss, or damage before notice can be served and a hearing held on the request for injunctive relief in this matter.  Accordingly, no adequate remedy at law exists to protect the rights of Plaintiffs and other members of the public from these Resolutions other than immediate injunctive relief and a temporary restraining order.

39. Pursuant to the laws of equity and the willful violation of Tenn. Code Ann. § 2-12-116., the Shelby County Election Commissioners and Shelby County Election Commission should be preliminarily and permanently enjoined from committing any further violations of the above-referenced act by entry of injunctive relief as set forth more fully in the prayer for relief below.

**COUNT III –**
**VIOLATION OF THE VOTING RIGHTS ACT OF 1965,**
**42 U.S.C. § 1973 AND ARTICLE I, SECTION V AND ARTICLE IV, SECTION 1 OF**
**THE TENNESSEE CONSTITUTION**

40.     Plaintiff realleges and incorporates by reference the allegations of paragraphs 1 through 39.

41.     The Voting Rights Act was enacted in 1965 to achieve full participation for all Americans in our democracy. *See* Rep. No. 417, 97th Cong., 2d Sess. 4, reprinted in 1982 U.S. Code Cong. & Admin. News 177, 181.

42.     Despite registration gains, however, minority voters still found themselves faced with various electoral practices which lessened the impact of, or "diluted," their votes. Some of the electoral practices which have been identified as vote dilution devices are: elective posts made appointive, gerrymandered electoral boundaries, majority run-offs, and at-large elections. Courts have identified other vote dilution methods.

43.     In the 1970's, particularly in the South, many cases were filed against governmental bodies by Black and Hispanic citizens claiming that one or more of the above electoral devices wrongfully diluted their votes in violation of the Voting Rights Act and the Constitution. *Brown v. Bd. of Comm'rs*, 722 F. Supp. 380, 383 (E.D. Tenn. 1989).

44.     The Voting Rights Act of 1965 makes it unlawful to violate this Act that denies any citizen the right to vote on account of race or color, *inter alia*. Specifically, Section 2 of the Voting Rights Act, 42 U.S.C.S. § 1973 provides that:

> No voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any state or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color, or in contravention of the guarantees set forth in 42 U.S.C.S. § 1973(b)(f)(2). A violation of subsection (a) of this section is established if, based on the totality of circumstances, it is shown that the political processes leading to nomination or election in the state or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) of this section ***in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice*** (emphasis added).

The extent to which members of a protected class have been elected to office in the state or political subdivision is one circumstance which may be considered; provided, that nothing in this section establishes a right to have members of a protected class elected in numbers equal to their proportion in the population.

45.     Furthermore, under Tenn. Const. Art. I, § 5 and Art. IV, § 1, the right of a qualified citizen to vote in Tennessee is protected. Article I, § 5 of the Tennessee Constitution states:

"...[E]lections shall be free and equal, and the right of suffrage, as hereinafter declared, shall never be denied to any person entitled thereto, except upon a conviction by a jury of some infamous crime, previously ascertained and declared by law, and judgment thereon by court of competent jurisdiction."

Article IV, Section 1 of the Tennessee Constitution states:

"Every person, being eighteen years of age, being a citizen of the United States, being a resident of the state for a period of time as prescribed by the General Assembly, and being duly registered in the county of residence for a period of time prior to the day of any election as prescribed by the General Assembly, shall be entitled to vote in all federal, state, and local elections held in the county or district in which such person resides. All such requirements shall be equal and uniform across the state, and there shall be no other qualification attached to the right of suffrage."

The Constitution of the State of Tennessee seeks to promote uniformity and synchrony within the voting process in order to ensure equal opportunity for citizens to exercise their fundamental right to vote.

46.     Accordingly, the Shelby County Election Commissioners and the Shelby County Election Commission, by limiting the early voting locations in geographically and inaccessible locations for minorities, constitutes an unconstitutional infringement on the right to vote and a violation of the Voting Rights Act of 1965 and the State of Tennessee Constitution.

47.     The rights of minorities and other members of the public have been, are being, or will be violated by the Shelby County Election Commissioners' conduct in enacting, adopting, and implementing the immediate Resolutions, and immediate and irreparable injury, loss, or damage will be suffered before notice can be served and a hearing held upon the request for injunctive relief set forth in this complaint.

48.     No adequate remedy at law exists to protect the rights of voters and citizens of Shelby County and other members of the public.

49.     On these grounds, this Court should issue a judgment declaring that the actions of the Shelby County Election Commissioners and the Shelby County Election Commission are unconstitutional and void and that the Commissioners' adoptions of the Resolution purportedly under its authority is also, therefore, void and of no effect and enjoining respondents from taking any action to enforce, effectuate, or implement the Resolutions.

50.     On these grounds, this Court should issue a judgment declaring that the Resolutions are *ultra vires*, void, and of no effect and enjoining defendants from taking any action to enforce, effectuate, or implement the Resolutions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand and pray that this Court:

1.     Issue a judgment declaring that:

a.     The conduct of two or more of the defendant Shelby County Election Commissioners in holding the meetings described above constituted a violation of the Tennessee Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 through 8-44-201;

12

b.   That the Resolutions limiting the first four days of early voting beginning July 13, 2018 to four locations in Shelby County passed by the Election Commissioners on or about June 26 and June 29, 2018 are unconstitutional, void, and of no effect;

c.   That the Resolutions limiting the first four days of early voting beginning July 13, 2018 to four locations in Shelby County passed by the Election Commissioners on or about June 26 and June 29, 2018 violate the Voting Rights Act of 1965.

d.   That the Resolutions are *ultra vires*, void, and of no effect;

2.   Immediately issue an order temporarily restraining the Shelby County Election Commissioners, and any other persons in active concert or participation with them who receive actual notice of this Court's order, from discussing, deliberating toward a decision, or reaching any decision during private meetings, meetings held in secret, or meetings held without adequate public notice, or otherwise conducting meetings.in violation of the Tennessee Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 through 8-44-201;

3.   Immediately issue an order temporarily restraining all defendants, and any other persons in active concert or participation with them who receive actual notice of this Court's order, from taking any action to enforce, effectuate, or implement the Resolution, including but not limited to:

(a)   Approving the minutes of the Shelby County Election Commissioners June 26 and June 29, 2018 meetings insofar as such approval may relate to the opening of four locations for the first four days of early voting for the August 2018 election, which places a significant burden on the right to vote for racial minorities in the core of Shelby County;

(b)     Submitting the Resolution to defendant Linda Phillips, Administrator for

defendant Shelby County Election Commission for signature or other formal

consideration, including effectuation of the resolution;

4.     Enter temporary and permanent injunctions enjoining defendants Shelby County

Election Commissioners, and any other persons in active concert or participation with them who

receive actual notice of this Court's order, from any other violations of the Tennessee Open

Meetings Act, Tenn. Code Ann. §§ 8-44-101 through 8-44-201; the Voting Rights Act of 1965,

and the aforementioned provisions of the Tennessee Constitution.

5.     Adjudge against defendants Shelby County Election Commissioners proper

penalties for violating the Tennessee Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 through

8-44-201;

6.     Grant Plaintiffs an award of their reasonable fees and expenses incurred in

bringing this action;

7.     Order the Defendants to open early voting on July 13, 2018 at the exact same time

and locations used by Defendants for the early voting period during the May 2018 election.

8.     File written findings of fact and conclusions of law and final judgments, pursuant

to Tenn. Code Ann. § 8-44-106(b), and direct that these shall be recorded in the minutes of the

Election Commission;

9.     Pursuant to Tenn. Code Ann. § 8-44-106(d), retain jurisdiction over the parties

and subject matter for a period of one year from the date of entry of its final judgment, and order

the defendants Shelby County Election Commissioners to report in writing semi-annually to the

Court on compliance with the Tennessee Open Meetings Act; and

10.     Grant Plaintiffs such general and further relief to which they may be entitled.

14

THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CASE.

*THE WHARTON LAW FIRM*

By:_____

   ALEXANDER C. WHARTON (BPR No. 26937)
   ANDRE´ C. WHARTON   (BPR No. 22588)
Attorneys for Plaintiff
1575 Madison Ave.
Memphis, Tennessee 38104
Tel: (901) 726-6884
Fax: (901) 726-6844

STATE OF TENNESSEE )
)
COUNTY OF SHELBY )

Dr. Noel Hutchinson, being sworn, states as follows:

1.     I am a registered voter in Shelby County, Tennessee and I am a plaintiff in this action.

2.     I have reviewed this Complaint for Injunctive Relief and Declaratory Judgment and the facts stated in it are true to the best of my knowledge, information, and belief.

Dr. Noel Hutchinson

Sworn to and subscribed before me this _____ day of July, 2018.

NOTARY PUBLIC

My Commission Expires:

17

STATE OF TENNESSEE )
         )
COUNTY OF SHELBY  )

   Angela Barksdale, being sworn, states as follows:

   1.  I am a registered voter in Shelby County, Tennessee and I am a plaintiff in this action.

   2.  I have reviewed this Complaint for Injunctive Relief and Declaratory Judgment and the facts stated in it are true to the best of my knowledge, information, and belief.

                  Angela Barksdale

   Sworn to and subscribed before me this 6th day of July, 2018.

                  NOTARY PUBLIC

My Commission Expires:

16

STATE OF TENNESSEE )
                              )
COUNTY OF SHELBY )

      Tamara Hendrix, being sworn, states as follows:

      1.      I am a registered voter in Shelby County, Tennessee and I am a plaintiff in this action.

      2.      I have reviewed this Complaint for Injunctive Relief and Declaratory Judgment and the facts stated in it are true to the best of my knowledge, information, and belief.

_____
Tamara Hendrix

Sworn to and subscribed before me this _6th_ day of July, 2018.

_____
NOTARY PUBLIC

My Commission Expires:

_____

STATE OF TENNESSEE    )
                            )
COUNTY OF SHELBY     )

Vickie Terry, being sworn, states as follows:

1.      I, Vickie Terry, am the Executive Director of the NAACP Memphis Branch.

2.      That the NAACP Memphis Branch is an organization that represents and advocates for the equal treatment and enforcement of the law for racial minorities in Tennessee.

3.      That the NAACP Memphis Branch is affected by the allegations contained herein, as the proposed course of action by Defendants is a fundamental impairment of the ability of racial minorities to exercise their constitutional and statutorily protected right to vote.

4.      That NAACP Memphis Branch is a non-profit organization operating in Memphis and with its headquarters based in Memphis, Shelby County, Tennessee.

5.      I have reviewed this Complaint for Injunctive Relief and Declaratory Judgment and the facts stated in it are true to the best of my knowledge, information, and belief.

_Vickie Terry, Executive Director of NAACP Memphis_
VICKIE TERRY, Executive Director of NAACP Memphis

Sworn to and subscribed before me this _6TH_ day of July, 2018.

_____
NOTARY PUBLIC

My Commission Expires:

STATE OF TENNESSEE    )
                      )
COUNTY OF SHELBY      )

Janice F. Scott, being sworn, states as follows:

1.      I am a registered voter in Shelby County, Tennessee and I am a plaintiff in this action.

2.      I have reviewed this Complaint for Injunctive Relief and Declaratory Judgment and the facts stated in it are true to the best of my knowledge, information, and belief.

_____
Janice F. Scott

Sworn to and subscribed before me this _____ day of July, 2018.

_____
NOTARY PUBLIC

My Commission Expires:

_____

## FIAT

TO THE CLERK AND MASTER:

Issue the following temporary restraining order:

Against the Shelby County Election Commissioners of Shelby County, Tennessee, Norma Lester, Robert Meyers, Dee Nollner, Anthony Tate and Steve Stamson in their Official Capacities as Commissioners of the Shelby County Election Commission of Shelby County, Tennessee; and Linda Phillips, in her Official Capacity as Administrator for the Shelby County Election Commission, their officers, agents, employees, attorneys, and any other persons in active concert or participation with defendants, who receive actual notice of this Court's order prohibiting them from:

1.      Discussing, deliberating toward a decision, or reaching any decision during private meetings, meetings held in secret, or meetings held without adequate public notice or otherwise conducting meetings in violation of the Tennessee Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 through 8-44-201;

2.      Taking ~~any action to enforce, effectuate, or implement the Resolutions, including but not limited to:~~

    (a)    ~~Approving the minutes of the Shelby County Election~~ Commissioners June 26 ~~and June 29, 2018 meetings insofar as such approval may relate to the opening of four locations for the first four days of early voting for the August 2018 election, which places a significant burden on the right to vote for racial minorities in the core of Shelby County;~~

21

AW

(b) ~~Submitting the Resolution to defendant Linda Phillips, Administrator for defendant Shelby County Election Commission for signature or other formal consideration, including effectuation of the resolutions;~~

and set a hearing for July __9__, 2018, at __1:30__ p.m.

$ 250.
$22.00  Paid

_____
CHANCELLOR

DATE: July 6th, 2018

TIME: 3:12 pm

22

9571

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br>CH- 18-1003-2 |
|---|---|---|
| Plaintiff National Association for the advancement of colored People Memphis Branch (NAACP), et Al | Defendant Shelby County Election Comm., etal | |

TO:   (NAME AND ADDRESS OF DEFENDANT)

Steve Stamson
980 Nixon Drive
Memphis, TN. 38134

RECEIVED
JUL 09 2018
CHANCERY COURT

Method of Service:

☐ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
   \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number) | ISSUED 6th of July 20 18 |
|---|---|
| | Donna L. Russell, Clerk and Master<br><br>By: _____<br>      Deputy Clerk & Master<br>      140 Adams, Room 308   Memphis, TN 38103 |
| TO THE SHERIFF: | Came to hand<br><br>_____ day of _____, 20 ____<br><br>Sheriff |

**CERTIFICATION (IF APPLICABLE)**

| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master<br><br>By: _____<br>                              D. C. & M. |
|---|---|

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-2341.

Notice of Personal Property Exemption:
   TO THE DEFENDANT(S):
      Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

*9571*

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the ___*6*___ day of ___*July*___, 20 *18* at *5:00* am/pm a copy of the summons and a copy of the Complaint to the following Defendant *Steve Stamson*

at *980 N. KON Drive Memphis Tn 38134*

___*Joe young*___                                By: _____

Signature of person accepting service          Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____ day of _____, 20 _____

                                               By: _____
                                               Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the defendant _____. On the _____ day of _____, 20_____, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____, 20_____. <br><br> Signature of ____Notary Public or ____Deputy Court Clerk: <br><br> _____ <br><br> My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. <br><br> _____ |
| ATTACH RETURN <br><br> RECEIPT HERE <br><br> (IF APPLICABLE) | |

R & R SUBPOENA SERVICE
P. O. BOX 3809
MEMPHIS, TENNESSEE 38173

Office: 901-387-1158          901-482-0415: Mobile          Fax: 901.387.1158
Email: rayhob@bellsouth.net

Raymond Hobson, Owner
Robbie D. Hobson, Vice President
Breanna Nicole Hobson, Office Manager

### CIRCUIT / CHANCERY AFFIDAVIT OF SERVICE

**STATE OF TENNESSEE**

CH-18-1003-2

**COUNTY OF SHELBY**

COMES NOW AFFIANT, **RAYMOND HOBSON,** HE OR SHE IS OVER THE OF 18 YEARS, AND QUALIFIED, TO GIVE TESTIMONY IN THE COURTS OF THE UNITED STATES AND COURTS OF TENNESSEE HAVING SO STATED, AFFIANT MAKES OATH WITH RESPECT TO THE TRUTH AND ACCURACY OF THE INFORMATION, ALL OF WHICH PERSONAL TO HIS OR HER FIRSTHAND, BELOW SET OUT.

ON THE **6th DAY** OF **JULY, 2018** AT **4:00 P.M.,** I SERVED BY HAND DELIVERY,

THE **SUMMONS** WHICH THIS AFFIDAVIT IS ATTACHED WITH A TRUE AND EXACT

COPY OF THE **COMPLAINT ON STEVE STAMSON BY SERVING JOE YOUNG AT 980**

**NIXON DRIVE, MEMPHIS, TN. 38134.**

MEMPHIS, SHELBY COUNTY, TENNESSEE
FURTHER, AFFIANT SAITH NOT

**AFFIANT /PRIVATE SERVER**

SWORN TO SUBSCRIBED BEFORE ME THIS ___9___ DAY OF ___July___, 2018.

MY COMMISSION EXPIRES

R & R SUBPOENA SERVICE
P.O. BOX 3809
MEMPHIS, TN 38173
901.482.0415

**NOTARY**

STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. JUNE 26, 2019

9571

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS**** | DOCKET NUMBER CH- _18-1003 - 2_ |
|---|---|---|

Plaintiff _National Association for_ Defendant
_the Advancement of Colored People_
_Memphis Branch) (NAACP), et A_   _Shelby County Election Comm., et al_

TO: (NAME AND ADDRESS OF DEFENDANT)

_Anthony Tate_
_980 Nixon Drive_
_Memphis, TN. 38134_

Method of Service:  ··

☐ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm. Of Insurance*
☐ Certified Mail
☐ Other
    *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney listed below.

RECEIVED
JUL 09 2018
CHANCERY COURT

| Attorney for Plaintiff or Plaintiff if filing Pro Se: (Name, address & telephone number) | ISSUED _16th_ of _July_ , 20 _18_ |
|---|---|
| | Donna L. Russell, Clerk and Master By: _[signature]_ Deputy Clerk & Master 140 Adams, Room 308   Memphis, TN 38103 |
| TO THE SHERIFF: | Came to hand _____ day of _____, 20 ____ |
| | Sheriff |

| **CERTIFICATION (IF APPLICABLE)** | |
|---|---|
| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master By: _____ D. C. & M. |

**Submit one original and one copy for each defendant to be served.

If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-2341.

Notice of Personal Property Exemption:
    TO THE DEFENDANT(S):
        Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

*9571*

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _6_ day of _JN_ , 20 _18_ at _4:00_ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _Anthony Tate_

at _980 Nixon Drive, Memphis, TN 38131_

_Joe Young_ By: _____

Signature of person accepting service          Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____ day of _____; 20 _____

By: _____
Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20_____, I

received the return receipt, which had been signed by _____ on the _____ day of _____.

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, 20_____. | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
|---|---|
| Signature of _____Notary Public or _____Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |
| ATTACH RETURN<br><br>RECEIPT HERE<br><br>(IF APPLICABLE) | |

R & R SUBPOENA SERVICE
P. O. BOX 3809
MEMPHIS, TENNESSEE 38173

Office: 901-387-1158          901-482-0415: Mobile          Fax: 901.387.1158
Email: rayhob@bellsouth.net

Raymond Hobson, Owner
Robbie D. Hobson, Vice President
Breanna Nicole Hobson, Office Manager

### CIRCUIT / CHANCERY AFFIDAVIT OF SERVICE

## STATE OF TENNESSEE

CH-18-1003-2

## COUNTY OF SHELBY

COMES NOW AFFIANT, **RAYMOND HOBSON**, HE OR SHE IS OVER THE OF 18 YEARS, AND QUALIFIED, TO GIVE TESTIMONY IN THE COURTS OF THE UNITED STATES AND COURTS OF TENNESSEE HAVING SO STATED, AFFIANT MAKES OATH WITH RESPECT TO THE TRUTH AND ACCURACY OF THE INFORMATION, ALL OF WHICH PERSONAL TO HIS OR HER FIRSTHAND, BELOW SET OUT.

ON THE **6th DAY** OF **JULY, 2018** AT **4:00 P.M.**, I SERVED BY HAND DELIVERY,

THE **SUMMONS** WHICH THIS AFFIDAVIT IS ATTACHED WITH A TRUE AND EXACT

COPY OF THE **COMPLAINT ON ANTHONY TATE BY SERVING JOE YOUNG AT 980**

**NIXON DRIVE, MEMPHIS, TN. 38134.**

MEMPHIS, SHELBY COUNTY, TENNESSEE
FURTHER, AFFIANT SAITH NOT

_____
AFFIANT /PRIVATE SERVER

SWORN TO SUBSCRIBED BEFORE ME THIS ___ DAY OF _____, 2018.

MY COMMISSION EXPIRES

R & R SUBPOENA SERVICE
P.O. BOX 3809
MEMPHIS, TN 38173
901.482.0415

NOTARY PUBLIC

STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. JUNE 26, 2019

9571

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER<br>CH-18-1003-2 |
|---|---|---|
| Plaintiff *National Association for the Advancement of Colored People, ET AL* | | Defendant *Shelby County Election Commission, ET AL* |

TO: (NAME AND ADDRESS OF DEFENDANT)

*Dee Nollner*
*980 Nivo Drive*
*Memphis TN 38134*

RECEIVED
JUL 09 2018
CHANCERY COURT

Method of Service:

- [ ] Shelby County Sheriff
- [x] Private Process Server
- [ ] Out of County Sheriff\*
- [ ] Secretary of State\*
- [ ] Comm. Of Insurance\*
- [ ] Certified Mail
- [ ] Other
  \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number) | ISSUED 6th of July, 20 18 |
|---|---|
| | Donna L. Russell, Clerk and Master<br>By: _____<br>Deputy Clerk & Master<br>140 Adams, Room 308  Memphis, TN 38103 |
| TO THE SHERIFF: | Came to hand<br><br>_____ day of _____, 20 _____ |
| | Sheriff |

| CERTIFICATION (IF APPLICABLE) | |
|---|---|
| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master<br><br>By: _____<br>D. C. & M. |

\*\*Submit one original and one copy for each defendant to be served.

✆ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-2341.

Notice of Personal Property Exemption:
  TO THE DEFENDANT(S):
    Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

*Joe Young*

*9571*

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _6_ day of _July_ , 20 _18_ at _4·00_ am/pm a copy of the summons and a copy of the Complaint to the following Defendant _Dee Noller_

at _980 Nixon Drive Memphis Tn 38134_

_Joe Young_                              By: _____
Signature of person accepting service         Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s): _____

This _____ day of _____, 20 _____.

                                          By: _____
                                              Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the defendant _____. On the _____ day of _____, 20_____, I received the return receipt, which had been signed by _____ on the _____ day of _____, 20_____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this _____ day of** _____, 20_____. <br><br> Signature of ____ Notary Public or ____ Deputy Court Clerk: <br><br> _____ <br><br> My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. <br><br> _____ |
| ATTACH RETURN <br><br> RECEIPT HERE <br><br> (IF APPLICABLE) | |

R & R SUBPOENA SERVICE
P. O. BOX 3809
MEMPHIS, TENNESSEE 38173

Office: 901-387-1158          901-482-0415: Mobile          Fax: **901.387.1158**
                             Email: rayhob@bellsouth.net

Raymond Hobson, Owner
Robbie D. Hobson, Vice President
Breanna Nicole Hobson, Office Manager

### CIRCUIT / CHANCERY AFFIDAVIT OF SERVICE

**STATE OF TENNESSEE**

                                   **CH-18-1003-2**

**COUNTY OF SHELBY**


        COMES NOW AFFIANT, **RAYMOND HOBSON,** HE OR SHE IS OVER THE OF
18 YEARS, AND QUALIFIED, TO GIVE TESTIMONY IN THE COURTS OF THE UNITED
STATES AND COURTS OF TENNESSEE HAVING SO STATED, AFFIANT MAKES OATH
WITH RESPECT TO THE TRUTH AND ACCURACY OF THE INFORMATION, ALL OF
WHICH PERSONAL TO HIS OR HER FIRSTHAND, BELOW SET OUT.


ON THE **6th DAY** OF **JULY, 2018** AT **4:00 P.M.**, I SERVED BY HAND DELIVERY,

THE **SUMMONS** WHICH THIS AFFIDAVIT IS ATTACHED WITH A TRUE AND EXACT

COPY OF THE **COMPLAINT ON DEE NOLLER BY SERVING JOE YOUNG AT 980**

NIXON DRIVE, MEMPHIS, TN. 38134.

MEMPHIS, SHELBY COUNTY, TENNESSEE
FURTHER, AFFIANT SAITH NOT

                                        _____
                                        AFFIANT /PRIVATE SERVER

SWORN TO SUBSCRIBED BEFORE ME THIS _____ DAY OF _____, 2018.


MY COMMISSION EXPIRES                    _____
                                         NOTARY

R & R SUBPOENA SERVICE
P.O. BOX 3809
MEMPHIS, TN 38173
901.482.0415

9571

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER CH-18-1003-2 |
|---|---|---|

| Plaintiff | Defendant |
|---|---|
| National Association for the Advancement of Colored People Memphis Branch (NAACP), et al | Shelby County Election Comm. et Al |

TO:   (NAME AND ADDRESS OF DEFENDANT)

Robert Meyers in his Capacity as Adm. of the Shelby County Election Comm.   980 Nixon Drive   Memphis, TN 38134

RECEIVED JUL 09 2018 CHANCERY COURT

**Method of Service:**
☐ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
    \*Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se: (Name, address & telephone number) | ISSUED 10 of July 20 18 |
|---|---|
| | Donna L. Russell, Clerk and Master |
| | By: _____ Deputy Clerk & Master 140 Adams, Room 308   Memphis, TN 38103 |
| **TO THE SHERIFF:** | **Came to hand** |
| | _____ day of _____ , 20 _____ |
| | **Sheriff** |

| **CERTIFICATION (IF APPLICABLE)** | |
|---|---|
| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master By: _____ D. C. & M. |

\*\*Submit one original and one copy for each defendant to be served.

♿ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-2341.

**Notice of Personal Property Exemption:**
TO THE DEFENDANT(S):
    Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

*9571*

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the ___6___ day of ___July___, 20 _18_ at ___4:00___ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant ___Robert Meyers___

at ___980 Nixon Drive, Memphis TN 38134___

___Joe Young___                                    By: _____

Signature of person accepting service                    Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____ day of _____, 20 _____

                                    By: _____
                                        Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20_____, I

received the return receipt, which had been signed by _____ on the _____ day of _____,

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| **Sworn to and subscribed before me on this _____ day of** | |
| _____, 20_____. | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. |
| Signature of ____Notary Public or ____Deputy Court Clerk: | |
| _____ | _____ |
| My Commission Expires: | |
| | |
| ATTACH RETURN<br><br>RECEIPT HERE<br><br>(IF APPLICABLE) | |

R & R SUBPOENA SERVICE
P. O. BOX 3809
MEMPHIS, TENNESSEE 38173

Office: 901-387-1158          901-482-0415: Mobile          Fax: 901.387.1158
Email: rayhob@bellsouth.net

Raymond Hobson, Owner
Robbie D. Hobson, Vice President
Breanna Nicole Hobson, Office Manager

### CIRCUIT / CHANCERY AFFIDAVIT OF SERVICE

**STATE OF TENNESSEE**

                                        **CH-18-1003-2**

**COUNTY OF SHELBY**


        COMES NOW AFFIANT, **RAYMOND HOBSON,** HE OR SHE IS OVER THE OF 18 YEARS, AND QUALIFIED, TO GIVE TESTIMONY IN THE COURTS OF THE UNITED STATES AND COURTS OF TENNESSEE HAVING SO STATED, AFFIANT MAKES OATH WITH RESPECT TO THE TRUTH AND ACCURACY OF THE INFORMATION, ALL OF WHICH PERSONAL TO HIS OR HER FIRSTHAND, BELOW SET OUT.


ON THE **6th DAY** OF **JULY, 2018** AT **4:00 P.M.**, I SERVED BY HAND DELIVERY,

THE **SUMMONS** WHICH THIS AFFIDAVIT IS ATTACHED WITH A TRUE AND EXACT

COPY OF THE **COMPLAINT ON ROBERT MEYERS BY SERVING JOE YOUNG AT**

**980 NIXON DRIVE, MEMPHIS, TN. 38134.**

MEMPHIS, SHELBY COUNTY, TENNESSEE
FURTHER, AFFIANT SAITH NOT

                                        AFFIANT /PRIVATE SERVER

SWORN TO SUBSCRIBED BEFORE ME THIS ___ DAY OF _____, 2018.

MY COMMISSION EXPIRES                   NOTARY PUBLIC

R & R SUBPOENA SERVICE
P.O. BOX 3809
MEMPHIS, TN 38173
901.482.0415

9571

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | **SUMMONS\*\*** | DOCKET NUMBER CH- 18-1003-2 |
|---|---|---|
| Plaintiff National Association for the Advancement of Colored People Memphis Branch (NAACP), et Al | Defendant Shelby County Election Comm., et Al | |

TO:    (NAME AND ADDRESS OF DEFENDANT)

Norma Lester
980 Nixon Drive
Memphis, TN. 38134

Method of Service:

- ☐ Shelby County Sheriff
- ☑ Private Process Server
- ☐ Out of County Sheriff\*
- ☐ Secretary of State\*
- ☐ Comm. Of Insurance\*
- ☐ Certified Mail
- ☐ Other
  \*Attach Required Fees

RECEIVED
JUL 09 2018
CHANCERY COURT

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se: (Name, address & telephone number) | ISSUED 6ᵗʰ of July 20 18 |
|---|---|
| | Donna L. Russell, Clerk and Master By: _____ Deputy Clerk & Master 140 Adams, Room 308  Memphis, TN 38103 |
| TO THE SHERIFF: | Came to hand _____day of _____ 20__ Sheriff |

| CERTIFICATION (IF APPLICABLE) | |
|---|---|
| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master By: _____ D. C. & M. |

\*\*Submit one original and one copy for each defendant to be served.

☝ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-2341.

Notice of Personal Property Exemption:
   TO THE DEFENDANT(S):
         Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment sought prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

_9571_

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the ___70___ day of ___July___, 20 _18_ at ___4:00___ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _Myrna Lester_

at ___980 Nixon Drive, Memphis TN 38134___

_____Joe Young_____                    By: _____

Signature of person accepting service          Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____ day of _____, 20 _____

                                                    By: _____
                                                        Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20_____. I

received the return receipt, which had been signed by _____ on the _____ day of _____,

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of . <br><br> _____, 20_____. <br><br> Signature of ____Notary Public or ____Deputy Court Clerk: <br><br> _____ <br><br> My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. <br><br> _____ |
| <br><br><br> **ATTACH RETURN** <br><br> **RECEIPT HERE** <br><br> **(IF APPLICABLE)** <br><br><br> | |

R & R SUBPOENA SERVICE
P. O. BOX 3809
MEMPHIS, TENNESSEE 38173

Office: 901-387-1158          901-482-0415: Mobile          Fax: 901.387.1158
Email: rayhob@bellsouth.net

Raymond Hobson, Owner
Robbie D. Hobson, Vice President
Breanna Nicole Hobson, Office Manager

## CIRCUIT / CHANCERY AFFIDAVIT OF SERVICE

**STATE OF TENNESSEE**

                               **CH-18-1003-2**

**COUNTY OF SHELBY**


        COMES NOW AFFIANT, **RAYMOND HOBSON,** HE OR SHE IS OVER THE OF 18 YEARS, AND QUALIFIED, TO GIVE TESTIMONY IN THE COURTS OF THE UNITED STATES AND COURTS OF TENNESSEE HAVING SO STATED, AFFIANT MAKES OATH WITH RESPECT TO THE TRUTH AND ACCURACY OF THE INFORMATION, ALL OF WHICH PERSONAL TO HIS OR HER FIRSTHAND, BELOW SET OUT.


ON THE **6th DAY** OF **JULY, 2018** AT **4:00 P.M.,** I SERVED BY HAND DELIVERY,

THE **SUMMONS** WHICH THIS AFFIDAVIT IS ATTACHED WITH A TRUE AND EXACT

COPY OF THE **COMPLAINT ON NORMA LESTER BY SERVING JOE YOUNG AT**

**980 NIXON DRIVE, MEMPHIS, TN. 38134.**

MEMPHIS, SHELBY COUNTY, TENNESSEE
FURTHER, AFFIANT SAITH NOT

                                     AFFIANT /PRIVATE SERVER

SWORN TO SUBSCRIBED BEFORE ME THIS _9_ DAY OF _July_, 2018.

MY COMMISSION EXPIRES                                   NOTARY PUBLIC

R & R SUBPOENA SERVICE
P.O. BOX 3809
MEMPHIS, TN 38173
901.482.0415

CARLTON BROWN
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. JUNE 26, 2019

9571

| STATE OF TENNESSEE<br>30th JUDICIAL DISTRICT<br>CHANCERY COURT | **SUMMONS**\*\* | DOCKET NUMBER<br>CH-18- 1003-2 |
|---|---|---|

| Plaintiff<br>National Association for the<br>advancement of Colored People<br>Memphis Branch (NAACP), et al | Defendant<br>Shelby County Election Comm, et al |
|---|---|

TO:   (NAME AND ADDRESS OF DEFENDANT)

Linda Phillips in her
Capacity as Adm. of the Shelby
County Election Comn.
980 Nixon Drive
Memphis, TN. 38134

Method of Service:

☐ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff\*
☐ Secretary of State\*
☐ Comm. Of Insurance\*
☐ Certified Mail
☐ Other
   \*Attach Required Fees

RECEIVED
JUL 09 2018
CHANCERY COURT

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se:<br>(Name, address & telephone number)<br><br>_____<br>_____<br>_____<br>_____ | ISSUED 6ᵗʰ of July 20 18<br><br>Donna L. Russell, Clerk and Master<br><br>By: _____<br>Deputy Clerk & Master<br>140 Adams, Room 308   Memphis, TN 38103 |
|---|---|
| TO THE SHERIFF:<br><br>_____<br>_____<br>_____ | Came to hand<br><br>_____day of _____, 20 _____<br><br>Sheriff |

| **CERTIFICATION (IF APPLICABLE)** | |
|---|---|
| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master<br><br>By: _____<br>D. C. & M. |

\*\*Submit one original and one copy for each defendant to be served.

Ⴔ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-2341.

**Notice of Personal Property Exemption:**

TO THE DEFENDANT(S).

Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I <u>HAVE</u> served the within summons:

By delivering on the ___6___ day of ___July___, 20_18_ at ___4·00___ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant ___Linda Phillips___

at ___980 Nixon Drive, Memphis TN 38134___

___Joe young___                              By: _____

Signature of person accepting service                    Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I <u>HAVE NOT</u> served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____

This _____ day of _____, 20 _____

By: _____
Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20_____, I

received the return receipt, which had been signed by _____ on the _____ day of _____,

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| | |
|---|---|
| Sworn to and subscribed before me on this _____ day of _____, 20_____. <br><br> Signature of _____Notary Public or _____Deputy Court Clerk: <br><br> _____ <br><br> My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. <br><br> _____ |
| ATTACH RETURN <br><br> RECEIPT HERE <br><br> (IF APPLICABLE) | |

R & R SUBPOENA SERVICE
P. O. BOX 3809
MEMPHIS, TENNESSEE 38173

Office: 901-387-1158          901-482-0415: Mobile          **Fax: 901.387.1158**
                             Email: rayhob@bellsouth.net

Raymond Hobson, Owner
Robbie D. Hobson, Vice President
Breanna Nicole Hobson, Office Manager

### CIRCUIT / CHANCERY AFFIDAVIT OF SERVICE

## STATE OF TENNESSEE

                                    ### CH-18-1003-2

## COUNTY OF SHELBY


COMES NOW AFFIANT, **RAYMOND HOBSON,** HE OR SHE IS OVER THE OF 18 YEARS, AND QUALIFIED, TO GIVE TESTIMONY IN THE COURTS OF THE UNITED STATES AND COURTS OF TENNESSEE HAVING SO STATED, AFFIANT MAKES OATH WITH RESPECT TO THE TRUTH AND ACCURACY OF THE INFORMATION, ALL OF WHICH PERSONAL TO HIS OR HER FIRSTHAND, BELOW SET OUT.


ON THE **6th DAY** OF **JULY, 2018** AT **4:00 P.M.,** I SERVED BY HAND DELIVERY,

THE **SUMMONS** WHICH THIS AFFIDAVIT IS ATTACHED WITH A TRUE AND EXACT

COPY OF THE **COMPLAINT ON LINDA P. PHILLIPS BY SERVING JOE YOUNG AT**

**980 NIXON DRIVE, MEMPHIS, TN. 38134.**

MEMPHIS, SHELBY COUNTY, TENNESSEE
FURTHER, AFFIANT SAITH NOT

_____
AFFIANT /PRIVATE SERVER

SWORN TO SUBSCRIBED BEFORE ME THIS ___9___ DAY OF ___July___, 2018.


MY COMMISSION EXPIRES

_____
NOTARY PUBLIC

R & R SUBPOENA SERVICE
P.O. BOX 3809
MEMPHIS, TN 38173
901.482.0415

CARLTON BROWN
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. JUNE 26, 2019

957

| STATE OF TENNESSEE 30th JUDICIAL DISTRICT CHANCERY COURT | SUMMONS** | DOCKET NUMBER CH- 18-1003-2 |
|---|---|---|

| Plaintiff NAACP Memphis, Angelo Brick, dale, Dr. Noel Hutchinson, Tamara Hendrix al Janice F. Scott | Defendant Shelby County Election Comm, et al |
|---|---|

TO:   (NAME AND ADDRESS OF DEFENDANT)

Shelby County Election Commission
980 Nixon Drive
Memphis, TN. 38134

RECEIVED
JUL 10 2018
CHANCERY COURT

Method of Service:
☐ Shelby County Sheriff
☑ Private Process Server
☐ Out of County Sheriff*
☐ Secretary of State*
☐ Comm. Of Insurance*
☐ Certified Mail
☐ Other
  *Attach Required Fees

You are summoned to defend a civil action filed against you in the Chancery Court of Shelby County, Tennessee. Your defense to this action must be made within thirty (30) days from the date this summons is served upon you. You must file your defense with the Clerk of the Court and send a copy to the Plaintiff/Plaintiff's attorney at the address listed below. If you fail to defend this action within thirty (30) days of service, judgment by default may be rendered against you for the relief sought in the Complaint. Questions regarding this summons and the attached documents should be addressed to the Attorney/Plaintiff listed below.

| Attorney for Plaintiff or Plaintiff if filing Pro Se: (Name, address & telephone number) | ISSUED 10th of July 20 18 Donna L. Russell, Clerk and Master By: _____ Deputy Clerk & Master 140 Adams, Room 308    Memphis, TN 38103 |
|---|---|
| TO THE SHERIFF: | Came to hand _____day of _____, 20 _____ |
| | Sheriff |

## CERTIFICATION (IF APPLICABLE)

| I, Donna L. Russell, Clerk & Master of the Chancery Court in the State of Tennessee, Shelby County, do certify this to be a true and correct copy of the original summons issued in this case. | Donna L. Russell, Clerk & Master By: _____ D. C. & M. |
|---|---|

**Submit one original and one copy for each defendant to be served.

♿ If you need assistance or accommodations because of a disability, please call the ADA Coordinator at (901)222-2341.

Notice of Personal Property Exemption:
  TO THE DEFENDANT(S):
      Tennessee law provides a ten thousand dollar ($10,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. Please state docket number on list.

*9571*

## RETURN OF SERVICE OF SUMMONS

I hereby certify that I **HAVE** served the within summons:

By delivering on the _____6_____ day of _____July_____ , 20 _18_ at _____4:00_____ am/pm a copy of the

summons and a copy of the Complaint to the following Defendant _____Shelby County Election_____

at _____980 Nixon Drive, Memphis Tn 38134_____

_____Joe poong_____                                                   By: _____ (signature) _____

Signature of person accepting service                                   Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I hereby certify that I **HAVE NOT** served the within summons:

To the named defendant _____ because _____

is (are) not to be found in this county after diligent search and inquiry for the following reason(s):_____.

This _____ day of _____, 20 _____

By: _____

Sheriff or other authorized person to serve process

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return that on the _____ day of _____, 20_____, I sent, postage prepaid, by registered return receipt

mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in case CH-_____ to the

defendant _____. On the _____ day of _____, 20_____, I

received the return receipt, which had been signed by _____ on the _____ day of _____,

20 _____. The return receipt is attached to this original summons to be filed by the Chancery Court Clerk & Master.

| Sworn to and subscribed before me on this _____ day of _____, 20_____. Signature of _____Notary Public or _____Deputy Court Clerk: _____ My Commission Expires: | Signature of Plaintiff, Plaintiff's attorney or other person authorized by statute to serve process. _____ |
|---|---|
| ATTACH RETURN RECEIPT HERE (IF APPLICABLE) | |

R & R SUBPOENA SERVICE
P. O. BOX 3809
MEMPHIS, TENNESSEE 38173

Office: 901-387-1158          901-482-0415: Mobile          Fax: 901.387.1158
Email: rayhob@bellsouth.net

Raymond Hobson, Owner
Robbie D. Hobson, Vice President
Breanna Nicole Hobson, Office Manager

### CIRCUIT / CHANCERY AFFIDAVIT OF SERVICE

## STATE OF TENNESSEE

### CH-18-1003-2

## COUNTY OF SHELBY

COMES NOW AFFIANT, **RAYMOND HOBSON,** HE OR SHE IS OVER THE OF 18 YEARS, AND QUALIFIED, TO GIVE TESTIMONY IN THE COURTS OF THE UNITED STATES AND COURTS OF TENNESSEE HAVING SO STATED, AFFIANT MAKES OATH WITH RESPECT TO THE TRUTH AND ACCURACY OF THE INFORMATION, ALL OF WHICH PERSONAL TO HIS OR HER FIRSTHAND, BELOW SET OUT.

ON THE **6th DAY** OF **JULY, 2018** AT **4:00 P.M.**, I SERVED BY HAND DELIVERY,

THE **SUMMONS** WHICH THIS AFFIDAVIT IS ATTACHED WITH A TRUE AND EXACT

COPY OF THE **COMPLAINT ON SHELBY COUNTY ELECTION COMMISSION BY**

**SERVING JOE YOUNG AT 980 NIXON DRIVE, MEMPHIS, TN. 38134.**

MEMPHIS, SHELBY COUNTY, TENNESSEE
FURTHER, AFFIANT SAITH NOT

**AFFIANT /PRIVATE SERVER**

SWORN TO SUBSCRIBED BEFORE ME THIS ___ DAY OF _____, 2018.

MY COMMISSION EXPIRES

NOTARY PUBLIC

R & R SUBPOENA SERVICE
P.O. BOX 3809
MEMPHIS, TN 38173
901.482.0415

CARLTON BROWN
STATE
OF
TENNESSEE
NOTARY
PUBLIC
COUNTY OF SHELBY
MY COMM. EXP. JUNE 26, 2019



SHELBY COUNTY
CHANCERY COURT
JUL 06 2018
DONNA L. RUSSELL, C & M
TIME: 15:30 BY: OF

# INJUNCTION BOND

No. CH-18-1003-2

We _Alexander Wharton, Attorney of Adre Wharton,
Attorney  The Wharton_

_____ as principal and

_____ as surety acknowledge

ourselves indebted to _Shelby County Election Commission et al_

_____ in the sum of

_Two hundred fifty dollars ($250.00)_ Dollars

The condition of the above Bond is such, that whereas the said _NAACP-Memphis, Angela Burk dale,
Dr. Noel Hutchinson, Tamara Hulvix, Javier Scott_

Complainant _____ this day filed _Verified Complaint for Injunctive Relief & Declaratory Judgment_ Complaint in the Chancery Court

of Shelby County against the said _Shelby County Election Commission et al_

Defendant and obtained an order for the issuance of the Writ of Injunction, in accordance with said order, upon

the execution of this Bond. Now, if the said Complainant shall pay such damages and costs as may be awarded

by the Chancery Court in dismissing the complaint, then this obligation to be void, othewise to remain in full

force and effect.

Witness our hands and seals this, the _6th_ day of _July_, 20_18_.

BPR # 26937                  Alexander Wharton

ANDRE WHARTON (#22588)

1575 Madison Avenue

Memphis, Tennessee 38104

ELECTRONICALLY FILED
2018 Jul 08 8:50 PM
CLERK OF COURT

**IN THE CHANCERY COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT
AT MEMPHIS**

---

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE MEMPHIS BRANCH (NAACP), ANGELA BARKSDALE, DR. NOEL HUTCHISON, TAMARA HENDRIX and JANICE F. SCOTT, | No.  CH-18-1003-2 |

      Plaintiffs,

vs.

SHELBY COUNTY ELECTION COMMISSION,
LINDA PHILLIPS in her official capacity as
Administrator of the Shelby County Election
Commission, NORMA LESTER, ROBERT
MEYERS, DEE NOLLNER, ANTHONY TATE,
and STEVE STAMSON, in their Official
Capacities as Members of the Board of
Commissioners of the Shelby County Election
Commission,

      Defendants.

---

**DEFENDANTS' MOTION TO TRANSFER CASE TO PART III**

---

COME NOW, Defendants, Shelby County Election Commission, Linda Phillips in her official capacity as the Administrator of Elections, Norma Lester, Robert Meyers, Dee Nollner, Anthony Tate, and Steve Stamson in their official capacity as Members of the Board of Commissioners of the Shelby County Election Commission (herein after "Defendants"), by and through their undersigned counsel, and pursuant to Tenn. R. Civ. P. 42.01 and Chancery Court Local Rule 7(b), move this Honorable Court for an Order transferring this case no. CH-18-1003 to Chancery Court Part III of the Shelby County Chancery Court and for their cause would show the court as follows:

1

1.      On Friday July 6, 2018, Myron Lowery individually, and Corey Strong, individually and as Chair of the Shelby County Democratic Party filed Case No. CH-18-0098 at 11:03 am in the Shelby County Chancery Court (Exhibit 1).

2.      On Friday July 6, 2018, the Memphis chapter of the NAACP, Angela Barksdale, Dr. Noel Hutchison, Tamara Hendrix, and Janice F. Scott filed the present case at 2:29 pm in the Shelby County Chancery Court.

3.      Both cases and all causes of action contained therein are based on and arise out of common questions of law or core set of facts, namely that the Shelby County Election Commission (SCEC) set the location of the Early Voting sites for the August 2, 2018 by resolution on June 21, 2018, and the allegations that there were secret meetings between members of the SCEC in which decisions or actions were taken to adopt the Early Voting locations as adopted by resolution on June 21, 2018.

4.      It is clear from the time stamp on both Verified Complaints that the Planitiffs in Case No. CH-18-0098, which is currently pending in Shelby County Chancery Court Part III, was the first in time to be filed.

WHEREFORE, in order to avoid unnecessary costs or delay, or the possibility of inconsistent results, Defendants pray for an Order from this Court transferring the case before it to Part III of the Shelby County Chancery Court for consolidation and trial.

Respectfully submitted,

HARRIS SHELTON HANOVER WALSH, PLLC

By: */s/ Pablo A. Varela*
    John L. Ryder #08258
    Pablo A. Varela #29436
    40 S. Main Street, Suite 2210
    Memphis, Tennessee  38103
    Tel:  (901) 525-1455

Fax:  (901) 526-4084
jryder@harrisshelton.com

## CERTIFICATE OF CONSULTATION

I, the undersigned, hereby certify that all counsel have conferred in an attempt to resolve the matters at issue in the motion before filing this motion.

/s/ Pablo A. Varela
Pablo A. Varela

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon:

Alexander C. Wharton, or
Andre C. Wharton
Attorneys for Plaintiff
1575 Madison Avenue
Memphis, Tennessee 38104

via email to alexanderwharton@thewhartonlawfirm.com on this the 8th day of July 2018.

/s/ Pablo A. Varela
Pablo A. Varela

3

ELECTRONICALLY FILED
2018 Jul 08 8:50 PM
CLERK OF COURT

# EXHIBIT 1

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE

**MYRON LOWERY,**
    *Individually,*
**COREY O. STRONG,**
    *Individually and as Chair of the*
    *Shelby County Democratic Party,*

    Plaintiffs,

vs.

    No. CH-18-0998-3

**SHELBY COUNTY ELECTION COMMISSION,**
**ROBERT D. MEYERS, NORMA LESTER,**
**DEE NOLLNER, STEVE STAMSON, ANTHONY**
**TATE,** *in their Official Capacities as Members of*
*the Shelby County Election Commission, and*
**LINDA PHILLIPS,** *Administrator of Elections,*

    Defendants.



SHELBY COUNTY
CHANCERY COURT
JUL 06 2018
DONNA L. RUSSELL, C & M
TIME: 11:04 BY: CF

---

**VERIFIED PETITION FOR INJUNCTIVE RELIEF**
**AND DECLARATORY JUDGMENT**

---

TO THE CHANCELLORS OF THE CHANCERY COURT OF TENNESSEE FOR THE

THIRTIETH JUDICIAL DISTRICT AT MEMPHIS:

    COME NOW the Plaintiffs, **MYRON LOWERY,** Individually, and **COREY O.**

**STRONG,** as Chair of the Shelby County Democratic Party (hereinafter also referred to as Plaintiff

Strong), and petition this Court for Injunctive Relief and Declaratory Judgment against the

Defendants the Shelby County Election Commission (hereinafter also referred to as "SCEC"), its

members Robert D. Meyers, Norma Lester, Dee Nollner, Steve Stamson and Anthony Tate, in their

Official Capacities as Members of said Commission, and Linda Phillips in her Official Capacity as

Administrator of Elections, and Plaintiffs state as follows:

## **INTRODUCTORY STATEMENT**

1. On June 21, 2018 the SCEC held a meeting at which it adopted Early Voting (hereinafter referred to as "EV") sites for the August 2, 2018 County General, State and Federal Primary Election. The EV sites adopted during that meeting are summarized in the publication attached to this Petition as Exhibit A.

2. The EV sites adopted at the June 21, 2018 SCEC meeting stand in stark contrast to every prior EV site list that has been published before. The EV sites included four new additional sites, one replacement site, and the closures of all but one site (Agricenter International) for the first four days of early voting.

3. On June 27, 2018 Plaintiff Strong addressed a Standing Committee of the Shelby County Commission about the EV sites, their locations and open hours. At this Standing Committee meeting also appeared SCEC Chairman and Defendant Robert D. Meyers and SCEC Secretary and Defendant Norma Lester. All three identified individuals addressed the Standing Committee and made statements, as did members of the public and members of the Standing Committee of the Shelby County Commission.

4. At a special meeting of the SCEC which occurred June 29, 2018, the SCEC adopted its current EV Site list and hours/days of operation attached to this Petition as Exhibit B.

5. The EV site list and the hours and days of operation listed therein mark a dramatic departure from years of EV site availability for the voters of Shelby County, Tennessee. As opposed to all EV sites being open all days and the same hours for the nine (9) elections prior (2012, 2014, 2016 and May 1, 2018), the SCEC voted to close all but three sites for the first four days of EV, one of which sites is the Elections Operations Center for the SCEC and which site has never before served as an EV site for an SCEC election. See Exhibit C.

6. The deprivation of opening of all EV sites for the same hours for the voters of Shelby County, Tennessee for the August 2, 2018 election constitutes a violation of: (a) the Tennessee Constitution, Article IV, Section I, and the rights of the voters of Shelby County, Tennessee to vote, (b) to free speech, (c) to expressive association, and (d) it constitutes an unconstitutional burden on the right to vote of the voters so identified. The deprivation of opening of all EV sites for the same hours was accomplished as a result of violations of T.C.A. §§8-44-101 et seq., also known as the "Open Meetings Act" of the State of Tennessee. As such, Plaintiffs contend that the vote of the SCEC for both June 21, 2018 and June 29, 2018 should be held void *ab initio* and the SCEC and Defendant Administrator Phillips both ordered to open all EV Sites for the same hours for all days of early voting for the August 2, 2018 election and for every election thereafter.

## PARTIES AND JURISDICTION

7. Myron Lowery is a resident citizen of Shelby County, Tennessee, and a duly registered voter in the State of Tennessee.

8. Corey O. Strong is the duly elected Chair of the Shelby County Democratic Party. The Shelby County Democratic Party is organized under By-Laws and operates as a political party under the auspices of the Tennessee Democratic Party. Defendant Strong is also an individual citizen residing in Shelby County, Tennessee.

9. Defendant Shelby County Election Commission is the local governing body of the Tennessee Election Commission. The individual members of the SCEC are Robert Meyers, Norma Lester, Dee Nollner, Steve Stamson, Anthony Tate, herein sued in their Official Capacities as duly appointed members thereof by the Tennessee Election Commission. The SCEC is charged with administering elections for local, county, state and federal offices in accordance with the laws of the State of Tennessee and the United States Government. As such, the SCEC and the individual

members named herein make decisions for and/or recommendations to a public body or administration, i.e. the Shelby County Commission and/or other governmental agencies charged with holding public, elected office.

10. Defendant SCEC and its individual members named hereinabove are all subject to all the laws and regulations governing elections conducted in Shelby County, Tennessee as prescribed by the State of Tennessee and United States Government.

11. Defendant SCEC and its individual members named hereinabove are all subject to the provisions of the Tennessee Open Meetings Act, T.C.A. §§8-44-101 et. seq. in the conduct of all affairs in their Official Capacities as members thereof.

12. Defendant Linda Phillips, sued in her Official Capacity as Administrator of Elections, carries out the mandates, rules, policies and procedures given to her by the SCEC and its individual members operating in their Official Capacity as members thereof.

13. All Defendants are residents of Shelby County, Tennessee.

14. This Court has jurisdiction in this action pursuant to Tenn. Code Ann. §§8-44-106; 16-1-101; 16-11-101; and 29-14-102.

15. The actions from which the cause(s) of action arise(ose), and all parties to this action reside in Shelby County, Tennessee. Therefore, venue is proper in this Court.

## FACTS

16. Plaintiff, Myron Lowery, is a resident citizen of Shelby County, Tennessee and has been such for a year next immediately preceding the filing of this action. Plaintiff resides at 128 Harbor Isle Circle South, Memphis, Shelby County, Tennessee 38103. He is a citizen entitled to sue to enforce the provisions of the Tennessee Open Meetings Act pursuant to Tenn. Code Ann. §8-44-101 et seq.

17. Plaintiff, Corey O. Strong, is a resident citizen of Shelby County, Tennessee, and has been such for a year next immediately preceding the filing of this action. Plaintiff resides at 794 N. Trezevant St., Memphis, TN 38112-1723. He is a citizen entitled to sue to enforce the provisions of the Tennessee Open Meetings Act pursuant to Tenn. Code Ann. §8-44-101 et seq. He is also the duly elected Chair of the Shelby County Democratic Party. He was so elected August 5, 2017.

18. Defendants Robert Meyers, Norma Lester, Dee Nollner, Steve Stamson, Anthony Tate are all appointed members of the Shelby County Election Commission. The Shelby County Election Commission is a governmental body authorized under Tennessee Election Commission. Robert Meyers is its Chair, Norma Lester is its Secretary.

19. Linda Phillips is the Administrator of Elections appointed as such by the Shelby County Election Commission. Defendant Phillips is sued in her Official Capacity as the Administrator of Elections.

## COUNT I

## VIOLATION OF TENNESSEE OPEN MEETINGS ACT, TENN. CODE ANN. §§5-44-101 TO 8-44-201

20. Plaintiffs reallege and incorporate by reference the allegations of paragraphs 1-19 above.

21. The SCEC is the governmental body responsible for conducting and reporting the result of elections conducted pursuant to the laws of the State of Tennessee and the United States Government. As such, the SCEC and its individual members acting in their Official Capacity are subject to the provisions of the Tennessee Open Meetings Act, Tenn. Code Ann. §§8-44-101 et seq.

22. The Tennessee Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 to 8-44-201, enacted in 1974, has long established the fundamental public policy of Tennessee "that the formation of

public policy and decisions is public business and shall not be conducted in secret," Tenn. Code Ann. § 8-44-101(a).

23. Pursuant to the Tennessee Open Meetings Act, Tenn. Code Ann. § 8-44-102(a), "[a]ll meetings of any governing body are declared to be public meetings open to the public at all times, except as provided by the Constitution of Tennessee"

24. The Shelby County Election Commission, which is comprised of its members who have been named as defendants in this lawsuit in their Official Capacities, constitutes a "governing body" for purposes of the Tennessee Open Meetings Act, as defined in Tenn. Code Ann. § 8-44-102(b), and the Shelby County Election Commission and each of its members are subject to the requirements of the Tennessee Open Meetings Act.

25. Plaintiffs are citizens of Tennessee whose right of access to public meetings under Tenn. Code Ann. § 8-44-102(a), upon information and belief, has been violated by, and whose rights have otherwise been affected by, the violations of the Tennessee Open Meetings Act that have been committed by two or more of the Shelby County Election Commission members.

26. From May 2, 2012 through May 1, 2018, the SCEC has conducted Early Voting for a period of fourteen (14) days prior to elections which occur periodically for local, county, state and federal officeholders. For the aforementioned time period, all EV locations were open the same hours and the same days without discrimination.

27. On June 21, 2018, at a regularly scheduled meeting of the SCEC prior to the August 2, 2018 elections, a routine agenda item to approve EV sites was up for consideration. Without prior notice to the public or Democratic members (Defendants Lester and Tate) of the SCEC of the investigation ordered by Defendant Meyers, a motion was introduced and approved to close all EV sites to early voting for the first four (4) days of early voting save for one site, the "Agricenter" EV

site, and to add additional EV sites not identified or discussed in advance by the SCEC as a body. (See Exhibit A)

28. At the meeting before the Shelby County Commission referenced above in paragraph 3, Defendant Meyers made statements before the Standing Committee indicating that he had discussed problems with access to the EV Sites by voters as early as January of 2018. Defendant Meyers also stated before the Standing Committee of the Shelby County Commission that he had instructed Defendant Administrator Phillips to review EV sites for the 2018 election cycle to accommodate concerns certain voters were having difficulty accessing EV sites.

29. At the same meeting referenced above or in other public statements made by Defendant Meyers, Defendant Meyers has made reference to "decisions made at executive session", which executive sessions were not published in accordance with nor made open to the public pursuant to the Tennessee Open Meetings Act cited above.

30. On information and belief, the Minutes published by the SCEC for January, February and March of 2018 do not reference any votes, decisions, or discussion of EV site accessibility issues by voters by the SCEC. As of the filing of this lawsuit, the Minutes for SCEC meetings for April, May and June of 2018 were neither available nor published on the website maintained by the SCEC for this purpose at its website: https://www.shelbyvote.com.

31. Defendant Meyers' statements at the June 27, 2018 Standing Committee of the Shelby County Commission and in other public statements all constitute prima facie evidence of the violation of the Tennessee Open Meetings Act.

32. On information and belief, Plaintiffs allege that, outside of any public session, without adequate notice to the public, and in secret, two or more of the members of the Shelby County Election Commission discussed, deliberated toward a decision on, or reached a decision concerning

the subject matter of approving EV sites, adding EV sites, changing, closing or altering the days and hours of operation of the EV sites ultimately voted on June 21, 2018 and altered on June 29, 2018.

33. Upon information and belief, one, some or all of the discussions or deliberations regarding the subject matter related above took place by telephone, conference call, or electronic media.

34. For the purposes of the Tennessee Open Meetings Act, these discussions or deliberations constituted one or more meetings under Tenn. Code Ann. §8-44-102(b)(2) and (c).

35. Upon information and belief, by conducting or participating in these secret meetings and/or deliberations and/or discussions, two or more of the members of the Shelby County Election Commission denied Plaintiffs and other members of the public access or admittance to their discussions or deliberations and violated Tenn. Code Ann. § 8-44-102(a).

36. Upon information and belief, by failing to give adequate public notice of these secret meetings, two or more of the members of the Shelby County Election Commissioner violated Tenn. Code Ann. § 8-44-103.

37. Tenn. Code Ann. §8-44-104 (2017) requires that "the minutes of a meeting of any such governmental body shall be promptly and fully recorded, shall be open to public inspection…."

38. On information and belief, SCEC entertained meetings on April 17, 2018, May 15, 2018, and June 21, 2018. None of the minutes of those three meetings area available on the website heretofore mentioned used by the SCEC to dissemination information and public law compliance. Plaintiffs submit that the prompt and full recording of the minutes and their opening to public inspection is not accomplished when, more than two full months following a meeting, one month following a meeting, or even two weeks following a meeting, those minutes are not

available for public inspection. On information and belief, Plaintiffs allege that SCEC and its Defendant members identified above have violated Tenn. Code Ann. §8-44-104 by failing to promptly and fully record the Minutes of their meetings for public inspection on its website.

39. Based on these violations of the Tennessee Open Meetings, and pursuant to Tenn. Code Ann. § 8-44-105, the action of the Shelby County Election Commission in opening the new EV locations, and in restricting the hours and days of operation of the existing EV sites adopted by actions June 21 and June 29, 2019 should be declared by this Court to be, void and of no effect.

40. Pursuant to Tenn. Code Ann. § 8-44-106, Plaintiffs should be awarded their reasonable fees and expenses incurred in bringing this action.

41. The rights of Plaintiffs and other members of the public to attend meetings of the Board of Commissioners, upon information and belief, have been, are being, and will continue to be violated by the actions of two or more of the Shelby County Election Commission.

42. Upon information and belief, Plaintiffs and other members of the public will suffer immediate and irreparable injury, loss, or damage before notice can be served and a hearing held on the request for injunctive relief in this matter. Accordingly, no adequate remedy at law exists to protect the rights of Plaintiffs and other members of the public under the Tennessee Open Meetings Act.

43. Pursuant to Tenn. Code Ann. § 8-44-106(c), the Shelby County Election Commission should be preliminarily and permanently enjoined from committing any further violations of the Tennessee Open Meetings Act by entry of injunctive relief as set forth more fully in the prayer for relief below.

## **PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS demand and pray that this Court:

1.    Issue a judgment declaring that:

    a.    The conduct of two or more of the defendant Shelby County Election Commission members in holding the meetings described above constitute a violation of the Tennessee Open Meetings Act, Tenn. Code Ann. §§8-44-101 through 8-44-201;

    b.    The modification of the EV site list, days of operation and time of operation enacted by the SCEC on June 21, 2018 and modified June 29, 2018 is void and of no effect;

    c.    That the last duly constituted and properly enacted EV site, day and time list for the May 1, 2018 election be and in effect for all days of early voting in advance of the August 2, 2018 election in Shelby County, Tennessee;

2. Immediately issue an order temporarily restraining the Shelby County Election Commission, and any other persons in active concert or participation with them who receive actual notice of this Court's order, from discussing, deliberating toward a decision, or reaching any decision during private meetings, meetings held in secret, or meetings held without adequate public notice, or otherwise conducting meetings.in violation of the Tennessee Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 through 8-44-201;

3. Immediately issue an order temporarily restraining all Defendants, and any other persons in active concert or participation with them who receive actual notice of this Court's order, from taking any action to enforce, effectuate, or implement the Resolution, including but not limited to:

(a) Approving the minutes of the Shelby County Election Commission for June 21, 2018 or June 29, 2018;

(b) Ordering Defendant Administrator Phillips from taking action based on the motions approved in the June 21, 2018 or June 29, 2018 meetings with reference to EV site additions, hours or days of operation;

4. Enter temporary and permanent injunctions enjoining Defendants, and any other persons in active concert or participation with them who receive actual notice of this Court's order, from taking any action to enforce, effectuate, or implement the actions of the Shelby County Election Commission on June 21, 2018 or June 29, 2018 with reference to the addition of EV sites or the restriction of hours or days of operation of certain sites;

5. Enter temporary and permanent injunctions enjoining Defendants Shelby County Election Commission, and any other persons in active concert or participation with them who receive actual notice of this Court's order, from any other violations of the Tennessee Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 through 8-44-201;

6. Adjudge against Defendant Shelby County Election Commission and its member Defendants identified herein proper penalties for violating the Tennessee Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 through 8-44-201;

7. Grant Plaintiffs an award of their reasonable fees and expenses incurred in bringing this action;

8. File written findings of fact and conclusions of law and final judgments, pursuant to Tenn. Code Ann. § 8-44-106(b), and direct that these shall be recorded in the minutes of the Shelby County Election Commissions;

9.       Pursuant to Tenn. Code Ann. § 8-44-106(d), retain jurisdiction over the parties and

subject matter for a period of one year from the date of entry of its final judgment, and order the

defendants Shelby County Election Commission to report in writing semi-annually to the Court on

compliance with the Tennessee Open Meetings Act; and

10.      Grant Plaintiffs such general and further relief to which he may be entitled.

THIS IS THE FIRST APPLICATION FOR EXTRAORDINARY RELIEF IN THIS CASE.

Respectfully Submitted,

**JULIE BYRD ASHWORTH** (Tenn. Bar #13736)
Attorney for Plaintiff
5575 Poplar Avenue, Suite 723
Memphis, TN 38119
(901) 373-6111 voice \ (901) 373-6114 facsimile
Electronic: julie@juliebyrd.com

STATE OF TENNESEE

COUNTY OF SHELBY

I, the undersigned, being first duly sworn, state under oath that the facts stated in the foregoing document are all true and correct to the best of my knowledge, information and belief.

MYRON LOWERY

SWORN TO and SUBSCRIBED before me this the 6 day of ___ Jul ___, 20 18.

My Commission Expires:

___ 2-17-2020 ___

Notary Public

STATE OF TENNESEE

COUNTY OF SHELBY

I, the undersigned, being first duly sworn, state under oath that the facts stated in the foregoing document are all true and correct to the best of my knowledge, information and belief.

_____
**COREY O. STRONG**

SWORN TO and SUBSCRIBED before me this the ⎽6⎽ day of ⎽Jul⎽⎽⎽ 20 ⎽18⎽.

My Commission Expires:

⎽2-17-2020⎽⎽⎽⎽⎽⎽⎽⎽⎽          _____
                              Notary Public

## **FIAT**

TO THE CLERK AND MASTER:

Issue the following temporary restraining order:

Against the Shelby County Election Commission, Robert Meyers, Norma Lester, Dee Nollner, Steve Stamson, Anthony Tate, in their Official Capacities as Members of the Shelby County Election Commission and Linda Phillips in her Official Capacity as Administrator of Elections, their officers, agents, employees, attorneys, and any other persons in active concert or participation with defendants, who receive actual notice of this Court's order prohibiting them from:

1.      Discussing, deliberating toward a decision, or reaching any decision during private meetings, meetings held in secret, or meetings held without adequate public notice or otherwise conducting meetings in violation of the Tennessee Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 through 8-44-201;

2.      Taking any action to enforce, effectuate, or implement the actions of the SCEC on June 21, 2018 and June 29, 2018 with reference to enlarging the number of EV sites, or from restricting the days and hours of locations of some, but not all, EV sites, including but not limited to:

(a)     Approving the minutes of the Shelby County Election Commission insofar as such approval may relate to the actions referenced in paragraph #2 above;

(b)     Instructing or directing Linda Phillips, in her Official Capacity as Administrator of Elections, from carrying out any of the directives referenced in paragraph # 2 above;

and set a hearing for _____, 2018 at _____M.


_____

CHANCELLOR

DATE:_____

TIME:_____



# Shelby County Election Commission

## 2018 Early Voting Locations, Dates & Times
### Shelby County General Election and State/Federal Primary and Memphis Special

| Location | Fri 7/13 | Sat 7/14 | Sun 7/15 | Mon 7/16 | Tue 7/17 | Wed 7/18 | Thu 7/19 | Fri 7/20 | Sat 7/21 | Sun 7/22 | Mon 7/23 | Tue 7/24 | Wed 7/25 | Thu 7/26 | Fri 7/27 | Sat 7/28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Abundant Grace Fellowship Church 1574 E. Shelby Dr Memphis 38116 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Agricenter International 7777 Walnut Grove Rd Memphis 38120 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Anointed Temple of Praise 3939 Riverdale Rd Memphis 38141 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Arlington Safe Room 11842 Otto Ln Arlington 38002 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Oak er Community Center 7942 Church Rd Millington 38053 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Bellevue Baptist Church 2000 Appling Rd Cordova 38016 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Berclair Church of Christ 4536 Summer Avenue Memphis 38122 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Calvary Episcopal Church 102 N. 2nd St (Enter from BB King) 38103 | | | | | | 9-6 | 9-6 | 9-5 | | | 9-6 | 9-6 | 9-6 | 9-5 | 9-5 | |
| Church of the Annunciation 8292 Macon Rd Cordova 38018 | | | | | | 11-7 | 11-7 | 11-7 | | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Collierville Church of Christ 575 Shelton Dr Collierville 38017 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Compassion Church 3505 S. Houston Levee Rd Germantown 38139 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Dave Wells Community Center 915 Chelsea Ave Memphis 38107 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Ed Rice Community Center 2907 N. Watkins Memphis 38127 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Glenview Community Center 1141 S. Barksdale St Memphis 38114 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Greater Lewis Street Baptist Church NW Corner of Poplar and E. Parkway N. 38104 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Greater Middle Baptist Church 4982 Knight Arnold Rd Memphis 38118 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Harmony Church 6740 St. Elmo Rd Bartlett 38135 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Mississippi Blvd. Church – Family Life Center 70 N. Bellevue Blvd Memphis 38104 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Mt. Zion Baptist Church 60 S. Parkway E. Memphis 38106 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| New Bethel Missionary Baptist Church 7786 Poplar Pike Germantown 38138 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Raleigh United Methodist Church 3295 Powers Rd Memphis 38128 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-3 | 11-7 | 11-7 | 8-4 |
| Riverside Missionary Baptist Church 3560 S. Third St Memphis 38109 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Second Baptist Church 4680 Walnut Grove Rd Memphis 38117 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Solomon Temple MB Church 1460 Winchester Rd Memphis 38116 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| The Refuge Church 8617 Huff N Puff Rd Lakeland 38002 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| White Station Church of Christ 1106 Colonial Rd Memphis 38117 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |

Visit our website at www.shelbyvote.com





# Shelby County Election Commission

## 2018 Early Voting Locations, Dates & Times
## Shelby County General Election and State/Federal Primary and Memphis Special

| Location | Fri 7/13 | Sat 7/14 | Sun 7/15 | Mon 7/16 | Tue 7/17 | Wed 7/18 | Thur 7/19 | Fri 7/20 | Sat 7/21 | Sun 7/22 | Mon 7/23 | Tues 7/24 | Wed 7/25 | Thur 7/26 | Fri 7/27 | Sat 7/28 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Abundant Grace Fellowship Church 1574 E. Shelby Dr Memphis 38116 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Agricenter International 7777 Walnut Grove Rd Memphis 38120 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Anointed Temple of Praise 3939 Riverdale Rd Memphis 38115 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Arlington Safe Room 11842 Otto Ln Arlington 38002 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Baker Community Center 7942 Church Rd Millington 38053 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Bellevue Baptist Church 2000 Appling Rd Cordova 38016 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Berclair Church of Christ 4536 Summer Avenue Memphis 38122 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Calvary Episcopal Church 102 N. 2nd St (Enter from BB King) 38103 | | | | | | 9-5 | 9-5 | 9-5 | | | 9-5 | 9-5 | 9-5 | 9-5 | 9-5 | |
| Church of the Annunciation 8282 Macon Rd Cordova 38018 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Collierville Church of Christ 575 Shelton Dr Collierville 38017 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Colonial Baptist Church 1503 Colonial Rd Memphis 38117 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Compassion Church 3505 S. Houston Levee Rd Germantown 38139 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Dave Wells Community Center 915 Chelsea Ave Memphis 38107 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Ed Rice Community Center 2907 N. Watkins Memphis 38127 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Glenview Community Center 1141 S. Barksdale St Memphis 38114 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Greater Lewis Street Baptist Church SE Corner of Poplar and E. Parkway N. 38104 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Greater Middle Baptist Church 4982 Knight Arnold Rd Memphis 38118 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Harmony Church 6740 St. Elmo Rd Bartlett 38135 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Mississippi Blvd. Church - Family Life Center 70 N. Bellevue Blvd Memphis 38104 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Mt. Zion Baptist Church 60 S. Parkway E Memphis 38106 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| New Bethel Missionary Baptist Church 7786 Poplar Pike Germantown 38138 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Raleigh United Methodist Church 3295 Powers Rd Memphis 38128 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Riverside Missionary Baptist Church 3560 S. Third St Memphis 38109 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Second Baptist Church 4680 Walnut Grove Rd Memphis 38117 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| Shelby County Election Commission 980 Nixon Drive Memphis 38134 | 8-4 | 8-4 | | 8-4 | 8-4 | 8-7 | 8-4 | 8-4 | 10-1 | | 8-4 | 8-4 | 8-7 | 8-4 | 8-7 | 10-1 |
| Solomon Temple MB Church 1460 Winchester Rd Memphis 38116 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |
| The Refuge Church 9817 Huff N Puff Rd Lakeland 38002 | | | | | | 11-7 | 11-7 | 11-7 | 10-4 | | 11-7 | 11-7 | 11-7 | 11-7 | 11-7 | 8-4 |



# Shelby County Election Commission
# Early Voting Locations
### Federal and State General and Municipal Elections, November 2016

*Early Voting begins Wednesday, October 19, 2016 at <u>ALL</u> early voting locations, and ends Thursday, November 3, 2016. Sites will be open weekdays from 10:00am until 7:00pm. Sites will open on Saturday, October 22, 2016 from10:00am until 4:00pm, and Saturday, October 29, 2016 from <u>8:00am</u> until 4:00pm.*

| Facility | Address | City | Zip |
|---|---|---|---|
| Abundant Grace Fellowship Church | 1574 E. Shelby Drive | Memphis | 38116 |
| Agricenter International | 7777 Walnut Grove Road | Memphis | 38120 |
| Anointed Temple of Praise | 3939 Riverdale Road | Memphis | 38141 |
| Baker Community Center | 7942 Church Road | Millington | 38053 |
| Bellevue Baptist Church | 2000 Appling Road | Cordova | 38016 |
| Berclair Church of Christ | 4536 Summer Avenue | Memphis | 38122 |
| Bethel Church | 5586 Stage Road | Bartlett | 38134 |
| Collierville Church of Christ | 575 Shelton Drive | Collierville | 38017 |
| Dave Wells Community Center | 915 Chelsea Avenue | Memphis | 38107 |
| Ed Rice Community Center | 2907 N. Watkins | Memphis | 38127 |
| Glenview Community Center | 1141 S. Barksdale Street | Memphis | 38114 |
| Greater Lewis Street Baptist Church | 152 E. Parkway North | Memphis | 38104 |
| Greater Middle Baptist Church | 4982 Knight Arnold Road | Memphis | 38118 |
| Mississippi Blvd. Church-Family Life Center | 70 N. Bellevue Boulevard | Memphis | 38106 |
| Mt. Zion Baptist Church | 60 S. Parkway East | Memphis | 38106 |
| New Bethel Missionary Baptist Church | 7786 Poplar Pike | Germantown | 38138 |
| Raleigh United Methodist Church | 3295 Powers Road | Memphis | 38128 |
| Riverside Missionary Baptist Church | 3560 S. Third Street | Memphis | 38109 |
| Shelby County Office Building | 157 Poplar Avenue | Memphis | 38103 |
| The Refuge Church | 9817 Huff N Puff Road | Lakeland | 38002 |
| White Station Church of Christ | 1106 Colonial Road | Memphis | 38117 |

| All locations are open at the following times: | |
|---|---|
| Oct. 19, 2016 | 10:00am -7:00pm |
| Oct. 20, 2016 | 10:00am -7:00pm |
| Oct. 21, 2016 | 10:00am -7:00pm |
| Oct. 22, 2016 | 10:00am -4:00pm |
| Oct. 23, 2016 | Closed |
| Oct. 24, 2016 | 10:00am -7:00pm |
| Oct. 25, 2016 | 10:00am -7:00pm |
| Oct. 26, 2016 | 10:00am -7:00pm |
| Oct. 27, 2016 | 10:00am -7:00pm |
| Oct. 28, 2016 | 10:00am -7:00pm |
| Oct. 29, 2016 | 8:00am -4:00pm |
| Oct. 30, 2016 | Closed |
| Oct. 31, 2016 | 10:00am -7:00pm |
| Nov. 1, 2016 | 10:00am -7:00pm |
| Nov. 2, 2016 | 10:00am -7:00pm |
| Nov. 3, 2016 | 10:00am -7:00pm |



# Shelby County Election Commission
# Early Voting Locations
### Federal and State Primary and County General Election,  August 2016

*Early Voting begins Friday, July 15, 2016 at the Shelby County Office Building at 157 Poplar Avenue.  This site will be open from 10:00am until 7:00pm.  It will open on Saturday, July 16, 2016 at 8:00am and end at 4:00pm.*

**On Monday, July 18, 2016 Early Voting begins at these additional sites and continues at the Shelby County Office Building.**

| Facility | Address | City | Zip |
|---|---|---|---|
| Abundant Grace Fellowship Church | 1574 E. Shelby Drive | Memphis | 38116 |
| Agricenter International | 7777 Walnut Grove Road | Memphis | 38120 |
| Anointed Temple of Praise | 3939 Riverdale Road | Memphis | 38141 |
| Baker Community Center | 7942 Church Road | Millington | 38053 |
| Bellevue Baptist Church | 2000 Appling Road | Cordova | 38016 |
| Berclair Church of Christ | 4536 Summer Avenue | Memphis | 38122 |
| Bethel Church | 5586 Stage Road | Bartlett | 38134 |
| Collierville Church of Christ | 575 Shelton Drive | Collierville | 38017 |
| Dave Wells Community Center | 915 Chelsea Avenue | Memphis | 38107 |
| Ed Rice Community Center | 2907 N. Watkins | Memphis | 38127 |
| Glenview Community Center | 1141 S. Barksdale Street | Memphis | 38114 |
| Greater Lewis Street Baptist Church | 152 E. Parkway North | Memphis | 38104 |
| Greater Middle Baptist Church | 4982 Knight Arnold Road | Memphis | 38118 |
| Mississippi Blvd. Church-Family Life Center | 70 N. Bellevue Boulevard | Memphis | 38106 |
| Mt. Zion Baptist Church | 60 S. Parkway East | Memphis | 38106 |
| New Bethel Missionary Baptist Church | 7786 Poplar Pike | Germantown | 38138 |
| Raleigh United Methodist Church | 3295 Powers Road | Memphis | 38128 |
| Riverside Missionary Baptist Church | 3560 S. Third Street | Memphis | 38109 |
| Shelby County Office Building | 157 Poplar Avenue | Memphis | 38103 |
| The Refuge Church | 9817 Huff N Puff Road | Lakeland | 38002 |
| White Station Church of Christ | 1106 Colonial Road | Memphis | 38117 |

**All locations are open at the following times:**

| Date | Times |
|---|---|
| July 18, 2016 | 10:00am—7:00pm |
| July 19, 2016 | 10:00am—7:00pm |
| July 20, 2016 | 10:00am—7:00pm |
| July 21, 2016 | 10:00am—7:00pm |
| July 22, 2016 | 10:00am—7:00pm |
| July 23, 2016 | 10:00am—4:00pm |
| July 24, 2016 | Closed |
| July 25, 2016 | 10:00am—7:00pm |
| July 26, 2016 | 10:00am—7:00pm |
| July 27, 2016 | 10:00am—7:00pm |
| July 28, 2016 | 10:00am—7:00pm |
| July 29, 2016 | 10:00am—7:00pm |
| July 30, 2016 | 10:00am—4:00pm |



# Shelby County Election Commission

## Early Voting Locations

### County Primary Election—May 1, 2018

*Early Voting begins Wednesday, April 11, 2018 at __ALL__ early voting locations, and ends Thursday, April 26, 2018.*

*The downtown location—Calvary Episcopal Church—102 N. 2nd Street (enter from B.B. King) will be open 9:00am-5:00pm*

**__The downtown location will not be open on Saturday.__**

| Satellite Locations | Address | City | Zip |
|---|---|---|---|
| Abundant Grace Fellowship Church | 1574 E. Shelby Drive | Memphis | 38116 |
| Agricenter International | 7777 Walnut Grove Road | Memphis | 38120 |
| Anointed Temple of Praise | 3939 Riverdale Road | Memphis | 38141 |
| Baker Community Center | 7942 Church Road | Millington | 38053 |
| Bellevue Baptist Church | 2000 Appling Road | Cordova | 38016 |
| Berclair Church of Christ | 4536 Summer Avenue | Memphis | 38122 |
| Collierville Church of Christ | 575 Shelton Drive | Collierville | 38017 |
| Dave Wells Community Center | 915 Chelsea Avenue | Memphis | 38107 |
| Ed Rice Community Center | 2907 N. Watkins | Memphis | 38127 |
| Glenview Community Center | 1141 S. Barksdale Street | Memphis | 38114 |
| Greater Lewis Street Baptist Church | 152 E. Parkway North | Memphis | 38104 |
| Greater Middle Baptist Church | 4982 Knight Arnold Road | Memphis | 38118 |
| Harmony Church | 6740 St. Elmo Road | Bartlett | 38135 |
| Mississippi Blvd. Church-Family Life Center | 70 N. Bellevue Boulevard | Memphis | 38106 |
| Mt. Zion Baptist Church | 60 S. Parkway East | Memphis | 38106 |
| New Bethel Missionary Baptist Church | 7786 Poplar Pike | Germantown | 38138 |
| Raleigh United Methodist Church | 3295 Powers Road | Memphis | 38128 |
| Riverside Missionary Baptist Church | 3560 S. Third Street | Memphis | 38109 |
| The Refuge Church | 9817 Huff N Puff Road | Lakeland | 38002 |
| White Station Church of Christ | 1106 Colonial Road | Memphis | 38117 |

| Satellite Locations are open at the following times: | |
|---|---|
| April 11, 2018 | 10:00am -7:00pm |
| April 12, 2018 | 10:00am -7:00pm |
| April 13, 2018 | 10:00am -7:00pm |
| April 14, 2018 | 10:00am -4:00pm |
| April 15, 2018 | Closed |
| April 16, 2018 | 10:00am -7:00pm |
| April 17, 2018 | 10:00am -7:00pm |
| April 18, 2018 | 10:00am -7:00pm |
| April 19, 2018 | 10:00am -7:00pm |
| April 20, 2018 | 10:00am -7:00pm |
| April 21, 2018 | 8:00am -4:00pm |
| April 22, 2018 | Closed |
| April 23, 2018 | 10:00am -7:00pm |
| April 24, 2018 | 10:00am -7:00pm |
| April 25, 2018 | 10:00am -7:00pm |
| April 26, 2018 | 10:00am -7:00pm |

NOTICE OF EARLY VOTING

Pursuant to Tennessee Code Annotated (TCA), Sec. 2-6-103, notice is hereby given by the Shelby County Election Commission of unrestricted early voting for voters in all wards and precincts in Shelby County, Tennessee. This early voting will take place as follows:

| All Early Voting Locations: | Beginning | Wednesday, October 15, 2014 through Thursday, October 30, 2014 |
|---|---|---|

| | | |
|---|---|---|
| | Weekdays | 10:00 AM to 7:00 PM |
| | Saturdays | 10:00 AM to 4:00 PM* |

*Saturday, October 18, 2014, Shelby County Office Building at 157 Poplar will be open from 8 a.m. – 4 p.m.

For more information, visit our website: www.shelbyvote.com

| LOCATION | ADDRESS | LOCATION | ADDRESS |
|---|---|---|---|
| Agri-Center International | 7777 Walnut Grove Rd. 38120 | Greater Lewis Street Baptist Church | 152 E. Parkway N., 38104 |
| Anointed Temple of Praise | 3939 Riverdale Rd. 38141 | Greater Middle Baptist Church | 4982 Knight Arnold, 38118 |
| Baker Community Center | 7942 Church Rd. 38053 | Mississippi Blvd. Church - Family Life Center | 70 N. Bellevue Blvd., 38106 |
| Bellevue Baptist Church | 2000 Appling Rd. 38016 | Mt. Zion Baptist Church | 60 S. Parkway E., 38106 |
| Berclair Church of Christ | 4536 Summer Ave. 38122 | New Bethel Baptist Church | 7786 Poplar Pike St., 38138 |
| Bethel Church | 5586 Stage Rd., 38134 | Raleigh United Methodist Church | 3295 Powers Rd., 38128 |
| Abundant Grace Church | 1574 Shelby Dr. 38116 | Refuge Church | 9817 Huff N Puff Rd., 38002 |
| Collierville Church of Christ | 575 Shelton Dr., 38017 | Riverside Baptist Church | 3560 S. Third St., 38109 |
| Dave Wells Community Center | 915 Chelsea Ave., 38107 | Shiloh Baptist Church | 3121 Range Line Rd., 38127 |
| Glenview Community Center | 1141 S. Barksdale St., 38114 | White Station Church of Christ | 1106 Colonial Rd., 38117 |
| | | Shelby County Office Building | 157 Poplar Avenue 38103 |

## FEDERAL AND STATE GENERAL ELECTION
### AND MUNICIPAL ELECTIONS IN ARLINGTON, BARTLETT, COLLIERVILLE, GERMANTOWN, LAKELAND, MEMPHIS AND MILLINGTON
### SHELBY COUNTY, TENNESSEE
### NOVEMBER 4, 2014



Pursuant to TCA, Sec. 2-6-102, a voter who desires to vote early shall go to the county election commission office or to one of the satellite locations listed above in your city within the hours set out for the early voting period, sign an application for ballot and vote. Pursuant to TCA, Sec. 2-7-140 (c) (1) voters who are already registered can make address or name changes at any early voting site.

Pursuant to TCA, Sec. 2-12-111(b), notice is hereby given that the following questions will be on the ballots in the municipalities of Memphis and Lakeland on November 4, 2014.

**Memphis Ordinance No 5512 - IMPROVE EFFECTIVENESS OF CIVIL SERVICE HEARINGS**

AN ORDINANCE TO AMEND THE CHARTER OF THE CITY OF MEMPHIS, SAME BEING CHAPTER 11OF THE ACTS OF 1879, AS AMENDED, PURSUANT TO THE PROVISIONS OF ARTICLE 11, SECTION 9 OF THE CONSTITUTION OF THE STATE OF TENNESSEE (HOME RULE AMENDMENT) SO AS TO IMPROVE THE EFFECTIVENESS OF CIVIL SERVICE HEARINGS AND TO SUBMIT THE PROPOSED REFERENDUM ORDINANCE TO THE QUALIFIED VOTERS OF THE CITY OF MEMPHIS AT THE NEXT STATE GENERAL ELECTION.

WHEREAS, Article 11, Section 9 of the Constitution of the State of Tennessee provides that it shall be the duty of the legislative body of such municipality so publish any proposal so made and to submit the same to its qualified voters at a special election which shall be held at least sixty (60) days after such publication and such proposal shall become effective sixty (60) days after approval by a majority of the qualified voters voting thereon.

NOW, THEREFORE, BE IT ENACTED BY THE COUNCIL OF THE CITY OF MEMPHIS that the present Charter of said City consisting of the provisions of the Act of the State of Tennessee for the year 1879, Chapter 11, as amended, and pursuant to Article 11, Section 9 of the Constitution of the State of Tennessee (Home Rule Amendment) the following proposal shall be published and submitted by the City of Memphis to its qualified voters at the next state general election, and which shall be held at least sixty (60) days after such publication

Section 1.
Question.
Shall the Home Rule Charter of the City of Memphis, Tennessee be amended to update the Charter provisions relating to the civil service commission to: 1) increase the number of civil service commission members 2) Make administrative updates to civil service hearing process and procedures and 3) Allow the Director of Personnel to consider performance as a measure for personnel evaluations?

Sec.[240]. - Composition of Commission.
There is hereby created a Commission to be composed of fourteen (14) members, to be known as the Civil Service Commission of the City of Memphis.

Members of the Civil Service Commission shall be residents of the City of Memphis or maintain their principal place of business with the City of Memphis. This provision shall supersede any other Charter provisions to the contrary relating to residency. Preference for individuals residing within the City of Memphis will be given for appointment to the Commission. The Council of the City of Memphis shall have the power to fix the qualifications and compensation of the members of the Civil Service Commission and to pass such ordinances as may be required to carry out the purposes and provisions of this article. At least seven (7) of Commissioners shall be licensed attorneys, current or former judges and/or individuals with prior experience as an administrative law judge for any local, state or federal agency.

Sec. [242]. - Appointment of members.
The Mayor shall appoint members to the Commission, with the approval of a majority of the Council, for the following terms: two (2) members for a term of one (1) year, two (2) members for a term of two (2) years, and three (3) members for a term of three (3) years. One of said Commissioners shall be designated by the Mayor to serve as Chairman of the Commission. In the event that the Chairman is unable to attend a Commission hearing, the Mayor shall have the power to designate someone from the Commission membership to serve as substitute Chairman. Subsequent to the initial terms of the Commissioners, as provided for in this section, each Commissioner appointed thereafter shall serve for a term of three (3) years, except in instances when the Commission is expanded. Any additional members shall be appointed in staggered terms consistent with this provision.

Sec. [243]. - Oath of Commissioners.
The said Commissioners shall qualify and take an oath to uphold the Constitutions of the United States and of the State of Tennessee, and faithfully to discharge the duties of their respective offices neutrally and without bias, and, upon the organization thereof, shall undertake the duties of said office.

Sec. [245]. - Powers and duties of Commissioners.
The Civil Service Commission shall have the power and it shall be its duty to conduct hearings to review disciplinary actions, limited to suspensions, dismissals, or demotions of any employees not exempted from the provisions of this article. In the course of any hearing conducted under the provisions of this article, the Civil Service Commission shall have power to administer oaths, to subpoena and require the attendance of witnesses within the City and the production by them of books and papers pertinent to any matter of inquiry, and to examine such witnesses under oath in relation to any matter properly involved in such proceeding. For such purposes, the Commission may invoke the power of any court of record in the City, or judge thereof, to compel the attendance and testimony of witnesses and the production of books and papers in compliance with such subpoena.

Any Commissioner who is a licensed attorney, a current or former member of the judiciary and/or has served as an administrative law judge for any other local, state or federal agency shall be entitled to act as a hearing officer. Each hearing officer shall have the same powers and duties of the Commission.

Sec. [248]. - Hearings.
Upon an employee's appeal from his termination, demotion, or suspension, a hearing shall be held before a hearing officer which shall be randomly selected from the qualified Commissioners, within a reasonable time thereafter, not to exceed ninety (90) days from filing of the appeal. Any employee who has been indicted by a federal or state grand jury or against whom a presentment or information has been filed shall be granted, upon his request and at his election, a postponement of hearing before the Civil Service Commission until such indictment, presentment, or information has been finally disposed of by a court of competent jurisdiction. Any employee seeking to hold a matter in abeyance may be prohibited from seeking back wages for the period of time that the matter was held in abeyance.
The hearing shall be conducted by the selected hearing officer. The hearing officer may reverse or sustain the disciplinary action of the City. If the hearing officer reverses a termination of an employee, the hearing officer may remand the matter to the City for further discipline or may reverse the termination and impose a suspension if appropriate. The secretary of the Commission shall have the duty of convening said hearing. At such hearing both the appealing employee and the official whose actions are being reviewed shall have the right to be heard and to present evidence and to be represented by themselves or by representative. The burden of proof required to sustain the action of the City shall be by a preponderance of the evidence. If, after a presentation of the proof, the hearing officer finds that there exists a reasonable basis for the disciplinary action taken, the action of the City shall be sustained. The decision of the hearing officer shall be stated in writing and shall include the hearing officer's findings of fact and conclusions there from within ninety (90) days of the conclusion of the hearing.

If any party is dissatisfied with the ruling of the hearing officer then the decision of the hearing officer may be appealed to the full Commission within fourteen (14) days of the issuance of the findings of fact and conclusions of law. Alternatively, the decision of the hearing officer and/or the Commission shall be appealable by either the City or the employee as provided by State law.

Sec. [249]. - Director of personnel.
There shall be a Director of Personnel, who shall be appointed by the Mayor with the approval of a majority of the Council. The Director of Personnel shall be subject to removal by the Mayor with the concurrence of a majority of the Council. His term of office shall be the same as that of the appointing Mayor, and he shall continue in office until his successor has been appointed and approved. The Director of Personnel shall be entitled to set forth criteria for advancement based on merit and with the application of sound business principles in the administration of persons, and shall prescribe methods whereby appropriate records of the work of employees may be kept. Said director shall likewise prescribe methods for grading the work of employees in the various departments affected herein, shall measure such work by performance, fidelity to duty, punctuality, proper exercise of judgment, cooperation with superiors and other employees of the City of Memphis, courtesy to the general public, and other pertinent factors, to the end the said departments and the personnel thereof may function for the advancement of efficiency of said departments, and the promotion of public safety and welfare. There shall be no discrimination in the City employment of personnel because of religion, race, sex, creed, political affiliation, or other nonmerit factors, nor shall there be any discrimination in the promotion or demotion of City employees because of religion, race, sex, creed, political affiliation, or other nonmerit factors.

Section 2. Publication of Home Rule Amendment

BE IT FURTHER ORDAINED, That the Comptroller is hereby directed to cause the Ordinance to be published pursuant to provisions of Article 11, Section 9 of the Constitution of the State of Tennessee.

Section 3. Delivery to Election Commission
BE IT FURTHER ORDAINED That the Comptroller of the City of Memphis shall certify adoption of this Ordinance to the Shelby County Election Commission in charge of holding the next state general election, and request that this proposed amendment to the Home Rule Charter of the City of Memphis be placed on the ballot.

Section 4 Proposal and preference
BE IT FURTHER ORDAINED That the Comptroller of the City of Memphis is hereby
directed to deliver a copy of this Ordinance to the Shelby County Election Commission, together with a suggested proposal and the following form of preference to be placed on the ballot in the next state general election:
Shall the Home Rule Charter of the City of Memphis, Tennessee be amended to update the Charter provisions relating to the, civil service commission to:1) Increase the number of civil service commission members 2) Make administrative updates to civil service hearing process and procedures and 3) Allow the Director of Personnel to consider performance as a measure for personnel evaluations?

Sec. [240]. - Composition of Commission.
There is hereby created a Commission to be composed of fourteen (14) members, to be known as the Civil Service Commission of the City of Memphis.

Sec. [241]. - Qualifications of members; compensation.
Members of the Civil Service Commission shall be residents of Shelby County or maintain their principal place of business with the City of Memphis. This provision shall supersede any other Charter provisions to the contrary relating to residency. Preference for individuals residing within the City of Memphis will be given for appointment to the Commission. The Council of the City of Memphis shall have the power to fix the qualifications and compensation of the members of the Civil Service Commission and to pass such ordinances as may be required to carry out the purposes and provisions of this article. At least seven (7) of Commissioners shall be licensed attorneys, current or former judges and/or individuals with prior experience as an administrative law judge for any local, state or federal agency.

Sec. [242]. - Appointment of members.
The Mayor shall appoint members to the Commission, with the approval of a majority of the Council, for the following terms: two (2) members for a term of one (1) year, two (2) members for a term of two (2) years, and three (3) members for a term of three (3) years. One of said Commissioners shall be designated by the Mayor to serve as Chairman of the Commission. In the event that the Chairman is unable to attend a Commission hearing, the Mayor shall have the power to designate someone from the Commission membership to serve as substitute Chairman. Subsequent to the initial terms of the Commissioners, as provided for in this section, each Commissioner appointed thereafter shall serve for a term of three (3) years, except in instances when the Commission is expanded. Any additional members shall be appointed in staggered terms consistent with this provision.

Sec. [243]. - Oath of Commissioners.
The said Commissioners shall qualify and take an oath to uphold the Constitutions of the United States and of the State of Tennessee, and faithfully to discharge the duties of their respective offices neutrally and without bias, and, upon the organization thereof, shall undertake the duties of said office.

Sec. [245]. - Powers and duties of Commissioners.
The Civil Service Commission shall have the power and it shall be its duty to conduct hearings to review disciplinary actions, limited to suspensions, dismissals, or demotions of any employees not exempted from the provisions of this article. In the course of any hearing conducted under the provisions of this article, the Civil Service Commission shall have power to administer oaths, to subpoena and require the attendance of witnesses within the City and the production by them of books and papers pertinent to any matter of inquiry, and to examine such witnesses under oath in relation to any matter properly involved in such proceeding. For such purposes, the Commission may invoke the power of any court of record in the City, or judge thereof, to compel the attendance and testimony of witnesses and the production of books and papers in compliance with such subpoena.

Any Commissioner who is a licensed attorney, a current or former member of the judiciary and/or has served as an administrative law judge for any other local, state or federal agency shall be entitled to act as a hearing officer. Each hearing officer shall have the same powers and duties of the Commission.

Sec. [248]. - Hearings.
Upon an employee's appeal from his termination, demotion, or suspension, a hearing shall be held before a hearing officer which shall be randomly selected from the qualified Commissioners, within a reasonable time thereafter, not to exceed ninety (90) days from filing of the appeal. Any employee who has been indicted by a federal or state grand jury or against whom a presentment or information has been filed shall be granted, upon his request and at his election, a postponement of hearing before the Civil Service Commission until such indictment, presentment, or information has been finally disposed of by a court of competent jurisdiction. Any employee seeking to hold a matter in abeyance may be prohibited from seeking back wages for the period of time that the matter was held in abeyance.
The hearing shall be conducted by the selected hearing officer. The hearing officer may reverse or sustain the disciplinary action of the City. If the hearing officer reverses a termination of an employee, the hearing officer may remand the matter to the City for further discipline or may reverse the termination and impose a suspension if appropriate. The secretary of the Commission shall have the duty of convening said hearing. At such hearing both the appealing employee and the official whose actions are being reviewed shall have the right to be heard and to present evidence and to be represented by themselves or by representative. The burden of proof required to sustain the action of the City shall be by a preponderance of the evidence. If, after a presentation of the proof, the hearing officer finds that there exists a reasonable basis for the disciplinary action taken, the action of the City shall be sustained. The decision of the hearing officer shall be stated in writing and shall include the hearing officer's findings of fact and conclusions there from within ninety (90) days of the conclusion of the hearing.

If any party is dissatisfied with the ruling of the hearing officer then the decision of the hearing officer may be appealed to the full Commission within fourteen (14) days of the issuance of the findings of fact and conclusions of law. Alternatively, the decision of the hearing officer and/or the Commission shall be appealable by either the City or the employee as provided by State law.

Sec. [249]. - Director of personnel.
There shall be a Director of Personnel, who shall be appointed by the Mayor with the approval of a majority of the Council. The Director of Personnel shall be subject to removal by the Mayor with the concurrence of a majority of the Council. His term of office shall be the same as that of the appointing Mayor, and he shall continue in office until his successor has been appointed and approved. The Director of Personnel shall be entitled to set forth criteria for advancement based on merit and with the application of sound business principles in the administration of persons, and shall prescribe methods whereby appropriate records of the work of employees may be kept. Said director shall likewise prescribe methods for grading the work of employees in the various departments affected herein, shall measure such work by performance, fidelity to duty, punctuality, proper exercise of judgment, cooperation with superiors and other employees of the City of Memphis, courtesy to the general public, and other pertinent factors, to the end the said departments and the personnel thereof may function for the advancement of efficiency of said departments, and the promotion of public safety and welfare. There shall be no discrimination in the City employment of personnel because of religion, race, sex, creed, political affiliation, or other nonmerit factors, nor shall there be any discrimination in the promotion or demotion of City employees because of religion, race, sex, creed, political affiliation, or other nonmerit factors.

I, Brian Collins, Director of Finance for the City of Memphis do hereby certify that the net cost to the City if this Amendment is adopted is estimated to be $0.

FOR THE AMENDMENT (YES)

AGAINST THE AMENDMENT (NO)

## NOTICE OF EARLY VOTING

Pursuant to Tennessee Code Annotated (TCA), Sec. 2-6-103, notice is hereby given by the Shelby County Election Commission of unrestricted early voting for voters in all wards and precincts in Shelby County, Tennessee.  This early voting will take place as follows:

**Downtown Early Voting Location: Shelby County Office Building, 157 Poplar Ave., 38103**

Beginning, Friday, July 18, 2014, 10:00 AM to 7 PM
Saturday, July 19, 2014, 8:00 AM to 4 PM
Weekdays, July 21, 2014 through August 2, 2014, 10:00 AM to 7:00 PM
Saturdays, July 26 and August 2, 2014, 10:00 AM to 4:00 PM

AND

### Early Voting Satellite Locations

Beginning, Monday, July 21 through Saturday, August 2, 2014
Weekdays 10:00 AM to 7:00 PM
Saturday, July 26 and August, 2, 2014, 10:00 AM to 4:00 PM

| | |
|---|---|
| Abundant Grace Fellowship Church | 1574 E. Shelby Dr. 38116 |
| Agri-Center | 7777 Walnut Grove Rd. 38120 |
| Anointed Temple of Praise | 3939 Riverdale Rd. 38141 |
| Baker Community Center | 7942 Church Rd., 38053 |
| Bellevue Baptist Church | 2000 Appling Rd. 38016 |
| Bethel Church | 5586 Stage Rd., 38134 |
| Berclair Church of Christ | 4536 Summer Ave. 38122 |
| Collierville Church of Christ | 575 Shelton Dr., 38017 |
| Dave Wells Community Center | 915 Chelsea Ave. 38107 |
| Glenview Community Center | 1141 S. Barksdale St. 38114 |
| Greater Lewis Street Baptist Church | 152 E. Parkway N., 38104 |
| Greater Middle Baptist Church | 4982 Knight Arnold Rd. 38118 |
| Mississippi Blvd. Church-Family Life Center | 70 N. Bellevue Blvd.  38106 |
| Mt. Zion Baptist Church | 60 S. Parkway E., 38106 |
| New Bethel Baptist Church | 7786 Poplar Pike St., 38138 |
| Raleigh U.M. Church | 3295 Powers Rd. 38128 |
| Riverside Baptist Church | 3560 S. Third St.  38109 |
| Shiloh Baptist Church | 3121 Range Line Rd. 38127 |
| The Refuge Church | 9817 Huff N Puff Rd., 38002 |
| White Station Church of Christ | 1106 Colonial Rd. 38117 |

**(Insert Sample Ballots here)**

Pursuant to TCA, Sec. 2-6-102, a voter who desires to vote early shall go to the county election commission office or to one of the satellite locations listed above in your city within the hours set out for the early voting period, sign an application for ballot and vote.  Pursuant to TCA, Sec. 2-7-140 (c) (1) voters who are already registered can make address or name changes at any early voting site.  For further information, call 222-1200 or visit our web site @ **www.shelbyvote.com**.

### NEW PHOTO ID LAW

Federal or Tennessee government issued photo ID is now required to vote in person, unless an exception applies.  College student IDs will not be accepted.  City or County employees Ids (Including library cards) are explicitly excluded and will not be accepted.  To learn more about the new law and its exceptions, please call (901) 222-1200 or visit GoVoteTN.com.

Any of the following IDs may be used, even if expired:

- Tennessee driver's license with your photo
- United States Passport
- Photo ID issued by the Tennessee Department of Safety and Homeland Security
- Photo ID issued by the federal or Tennessee State government
- United States Military photo ID, including a Veteran Identification Card
- Tennessee-issued handgun carry permit with your photo

**SHELBY COUNTY ELECTION COMMISSION**

Robert D. Meyers, Chairman
Norma Lester, Secretary
Dee Nollner, Member
Steve Stamson, Member
Anthony Tate, Member

# NOTICE OF EARLY VOTING

Pursuant to Tennessee Code Annotated (TCA), Sec. 2-6-103, notice is hereby given by the Shelby County Election Commission of unrestricted early voting for voters in all wards and precincts in Shelby County, Tennessee. This early voting will take place as follows:

Downtown Early Voting Location: Shelby County Office Building, 157 Poplar Ave., 38103

Beginning, Wednesday, April 16, 2014 through Thursday, May 1, 2014
Weekdays 10:00 AM to 7:00 PM
Saturdays, April 19 and April 26, 2014 10:00 AM to 4:00 PM

Closed Friday, April 18, 2014 in observance of Good Friday

AND

Early Voting Satellite Locations

Beginning, Friday, April 25 through Thursday, May 1, 2014
Weekdays 10:00 AM to 7:00 PM
Saturday, April 26, 2014, 10:00 AM to 4:00 PM

| LOCATION | ADDRESS | LOCATION | ADDRESS |
|---|---|---|---|
| Abundant Grace Fellowship Church | 1574 E. Shelby Dr. 38116 | Greater Lewis Street Baptist Church | 152 E. Parkway N., 38104 |
| Agri-Center | 7777 Walnut Grove Rd | Greater Middle Baptist Church | 4982 Knight Arnold Rd. 38118 |
| Anointed Temple of Praise | 3939 Riverdale Rd. 38141 | Mississippi Blvd. Church-Family Life Center | 70 N. Bellevue Blvd., 38106 |
| Baker Community Center | 7942 Church Rd., 38053 | Mt. Zion Baptist Church | 60 S. Parkway E., 38106 |
| Bellevue Baptist Church | 2000 Appling Rd. 38016 | New Bethel Baptist Church | 7786 Poplar Pike St., 38138 |
| Bethel Church | 5586 Stage Rd., 38134 | New Progress U.M. Church | 3295 Powers Rd. 38128 |
| Berclair Church of Christ | 4536 Summer Ave. 38122 | Riverside Baptist Church | 3590 S. Third St., 38109 |
| Collierville Church of Christ | 575 Shelton Dr., 38017 | Shiloh Baptist Church | 3121 Range Line Rd. 38127 |
| Dave Wells Community Center | 915 Chelsea Ave. 38107 | The Refuge Church | 9817 Huff N Puff Rd., 38002 |
| Glenview Community Center | 1141 S. Barksdale St. 38114 | White Station Church of Christ | 1106 Colonial Rd, 38117 |

## SHELBY COUNTY REPUBLICAN AND DEMOCRATIC PRIMARY ELECTIONS
### SHELBY COUNTY, TENNESSEE
### MAY 6, 2014

### REPUBLICAN PRIMARY

**DISTRICT ATTORNEY GENERAL**
30th JUDICIAL DISTRICT
VOTE FOR ONE (1)
- [ ] AMY WEIRICH
- [ ] Write-in

**COUNTY MAYOR**
VOTE FOR ONE (1)
- [ ] ERNEST LUNATI
- [ ] MARK H. LUTTRELL
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 1**
VOTE FOR ONE (1)
- [ ] TERRY ROLAND
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 2**
VOTE FOR ONE (1)
- [ ] DAVID C. BRADFORD
- [ ] GEORGE CHISM
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 3**
VOTE FOR ONE (1)
- [ ] NASER FAZLULLAH
- [ ] KELLY O. PRICE
- [ ] DAVID REAVES
- [ ] SHERRY S. SIMMONS
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 4**
VOTE FOR ONE (1)
- [ ] MARK BILLINGSLEY
- [ ] RON FITTES
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 5**
VOTE FOR ONE (1)
- [ ] HEIDI SHAFER
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 6**
VOTE FOR ONE (1)
- [ ] DAVID M. SHIFFMAN
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 7**
VOTE FOR ONE (1)
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 8**
VOTE FOR ONE (1)
- [ ] JULIE D. RAY
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 10**
VOTE FOR ONE (1)
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 11**
VOTE FOR ONE (1)
- [ ] GEOFF DIAZ
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 12**
VOTE FOR ONE (1)
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 13**
VOTE FOR ONE (1)
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 13**
VOTE FOR ONE (1)
- [ ] STEVE BASAR

### ASSESSOR OF PROPERTY
VOTE FOR ONE (1)
- [ ] KEITH ALEXANDER
- [ ] MARY PETERS ROYAD

**COUNTY TRUSTEE**
VOTE FOR ONE (1)
- [ ] JEFF JACOBS
- [ ] DAVID LENOR
- [ ] Write-in

**SHERIFF**
VOTE FOR ONE (1)
- [ ] BILL OLDHAM
- [ ] Write-in

**CIRCUIT COURT CLERK**
VOTE FOR ONE (1)
- [ ] MICHAEL FINNEY
- [ ] JIMMY MOORE
- [ ] Write-in

**CRIMINAL COURT CLERK**
VOTE FOR ONE (1)
- [ ] RICHARD L. DeSAUSSURE, III
- [ ] Write-in

**JUVENILE COURT CLERK**
VOTE FOR ONE (1)
- [ ] JOY TOULIATOS
- [ ] Write-in

**PROBATE COURT CLERK**
VOTE FOR ONE (1)
- [ ] PAUL BOYD
- [ ] Write-in

**COUNTY CLERK**
VOTE FOR ONE (1)
- [ ] WAYNE MASHBURN
- [ ] Write-in

**REGISTER OF DEEDS**
VOTE FOR ONE (1)
- [ ] TOM LEATHERWOOD
- [ ] Write-in

### DEMOCRATIC PRIMARY

**DISTRICT ATTORNEY GENERAL**
30th JUDICIAL DISTRICT
VOTE FOR ONE (1)
- [ ] JOE BROWN
- [ ] Write-in

**COUNTY MAYOR**
VOTE FOR ONE (1)
- [ ] DEIDRE D. MALONE
- [ ] STEVE MULROY
- [ ] KENNETH TWIGG WHALUM, JR.
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 1**
VOTE FOR ONE (1)
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 2**
VOTE FOR ONE (1)
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 3**
VOTE FOR ONE (1)
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 4**
VOTE FOR ONE (1)
- [ ] JACKIE D. JACKSON
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 5**
VOTE FOR ONE (1)
- [ ] TAYLOR BERGER
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 6**
VOTE FOR ONE (1)
- [ ] KARL L. BOND
- [ ] WILLIE BROOKS
- [ ] EDITH ANN MOORE
- [ ] KENDRICK SNEED
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 7**
VOTE FOR ONE (1)
- [ ] MELVIN BURGESS
- [ ] BRANDON ECHOLS
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 8**
VOTE FOR ONE (1)
- [ ] WALTER BAILEY
- [ ] BERLIN F. BOYD
- [ ] DAVID W. VINCIARELLI
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 9**
VOTE FOR ONE (1)
- [ ] JUSTIN FORD
- [ ] PATRICE J. ROBINSON
- [ ] KEITH O. WILLIAMS
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 10**
VOTE FOR ONE (1)
- [ ] JAKE BROWN
- [ ] MARTAVIAS D. JONES
- [ ] REGINALD MELTON
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 11**
VOTE FOR ONE (1)
- [ ] CURTIS BYRD
- [ ] DONNELL COBBINS
- [ ] EDDIE JONES
- [ ] HENDRELL REMUS
- [ ] CLAUDE TALFORD
- [ ] Write-in

### COUNTY COMMISSIONER DISTRICT 12
VOTE FOR ONE (1)
- [ ] BRYANT K. BOONE
- [ ] VAN TURNER
- [ ] Write-in

**COUNTY COMMISSIONER DISTRICT 13**
VOTE FOR ONE (1)
- [ ] M. JAIN
- [ ] Write-in

**ASSESSOR OF PROPERTY**
VOTE FOR ONE (1)
- [ ] LORE INGHAM
- [ ] CHEYENNE JOHNSON
- [ ] Write-in

**COUNTY TRUSTEE**
VOTE FOR ONE (1)
- [ ] DERRICK BENNETT
- [ ] M. LATROY WILLIAMS
- [ ] Write-in

**SHERIFF**
VOTE FOR ONE (1)
- [ ] BENNIE COBB
- [ ] Write-in

**CIRCUIT COURT CLERK**
VOTE FOR ONE (1)
- [ ] RHONDA BANKS
- [ ] DEL GILL
- [ ] Write-in

**CRIMINAL COURT CLERK**
VOTE FOR ONE (1)
- [ ] WANDA HALBERT
- [ ] THOMAS LONG
- [ ] MICHAEL R. McCUSKER
- [ ] RALPH WHITE
- [ ] Write-in

**JUVENILE COURT CLERK**
VOTE FOR ONE (1)
- [ ] HENRI E. BROOKS
- [ ] KEN MOODY
- [ ] Write-in

**PROBATE COURT CLERK**
VOTE FOR ONE (1)
- [ ] REGINA BEALE
- [ ] JENNINGS BERNARD
- [ ] WILLIAM CHISM, JR.
- [ ] DARNELL GATEWOOD, SR.
- [ ] CYNTHIA A. GENTRY
- [ ] AARON HALL
- [ ] HEIDI KUHN
- [ ] Write-in

**COUNTY CLERK**
VOTE FOR ONE (1)
- [ ] CHARLOTTE B. DRAPER
- [ ] JOHN H. FREEMAN
- [ ] YOLANDA R. KIGHT
- [ ] Write-in

**REGISTER OF DEEDS**
VOTE FOR ONE (1)
- [ ] STEPHEN CHRISTIAN
- [ ] COLEMAN THOMPSON
- [ ] Write-in

SHELBY COUNTY
REPUBLICAN AND DEMOCRATIC PRIMARY ELECTIONS
SHELBY COUNTY, TENNESSEE
MAY 6, 2014
Robert D. Meyers, Chairman
Norma Lester, Secretary
Dee Nollner, Member
Steve Stamson, Member
Anthony Tate, Member

Pursuant to TCA, Sec. 2-6-102, a voter who desires to vote early shall go to the county election commission office or to one of the satellite locations listed above in your city within the hours set out for the early voting period, sign an application for ballot and vote. Pursuant to TCA, Sec. 2-7-140 (c) (1) voters who are already registered can make address or name changes at any early voting site. For further information, call 222-1200 or visit our web site @ www.shelbyvote.com.

## NEW PHOTO ID LAW

Federal or Tennessee government issued photo ID is now required to vote in person, unless an exception applies. College student IDs will not be accepted. City or County employees IDs (including library cards) are expressly excluded and will not be accepted. To learn more about the new law and its exceptions, please call (901) 222-1200 or visit GoVoteTN.com.

Any of the following IDs may be used, even if expired:
- Tennessee driver's license with your photo
- United States Passport
- Photo ID issued by the Tennessee Department of Safety and Homeland Security
- Photo ID issued by the federal or Tennessee State government
- United States Military photo I.D., including a Veteran Identification Card
- Tennessee-issued handgun carry permit with your photo

Downtown Early Voting Location:  Shelby County Office Building, 157 Poplar Ave. 38103
Beginning, Wednesday, October 17, 2012 through Thursday, November 1, 2012
Weekdays 10:00 AM to 7:00 PM
Saturday, October 20, 2012, 8:00 AM to 4:00 PM
Saturday, October 27, 2012 10:00 AM to 4:00 PM

AND

Early Voting Satellite Locations

Beginning, Wednesday, October 17, 2012 through Thursday, November 1,2012
Weekdays 10:00 AM to 7:00 PM
Saturdays, October 20 and October 27, 2012, 10:00 AM to 4:00 PM

| | |
|---|---|
| Agri-Center International | 7777 Walnut Grove Rd. 38120 |
| Anointed Temple of Praise | 3939 Riverdale Rd. 38141 |
| Baker Community Center | 7942 Church Rd.  38053 |
| Bellevue Baptist Church | 2000 Appling Rd. 38016 |
| Berclair Church of Christ | 4536 Summer Ave. 38122 |
| Bethel Church | 5586 Stage Rd. 38134 |
| Bishop Byrne High School | 1475 Shelby Dr. 38116 |
| Collierville Church of Christ | 575 Shelton Dr. 38017 |
| Dave Wells Community Center | 915 Chelsea Ave. 38107 |
| Glenview Community Center | 1141 S. Barksdale St. 38114 |
| Greater Lewis Street Baptist Church | 152 E. Parkway N., 38104 |
| Greater Middle Baptist Church | 4982 Knight Arnold Rd. 38118 |
| Mississippi Blvd. Church-Family Life Center | 70 N. Bellevue Blvd.  38106 |
| Mt. Zion Baptist Church | 60 S. Parkway E., 38106 |
| New Bethel Baptist Church | 7786 Poplar Pike 38138 |
| Raleigh U.M. Church | 3295 Powers Rd. 38128 |
| Refuge Church | 9817 Huff N Puff Rd., 38002 |
| Riverside Baptist Church | 3560 S. Third St.  38109 |
| Shiloh Baptist Church | 3121 Range Line Rd. 38127 |
| White Station Church of Christ | 1106 Colonial Rd. 38117 |



JUL 09 2018

M.B._____

## IN THE CHANCERY COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT
## AT MEMPHIS

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
MEMPHIS BRANCH (NAACP), ANGELA
BARKSDALE, DR. NOEL HUTCHISON,
TAMARA HENDRIX and JANICE F. SCOTT,          No. CH-18-1003-2

       Plaintiffs,

vs.

SHELBY COUNTY ELECTION COMMISSION,
LINDA PHILLIPS in her official capacity as
Administrator of the Shelby County Election
Commission, NORMA LESTER, ROBERT
MEYERS, DEE NOLLNER, ANTHONY TATE,
and STEVE STAMSON, in their Official
Capacities as Members of the Board of
Commissioners of the Shelby County Election
Commission,

       Defendants.

## ORDER OF TRANSFER TO PART III

THIS CAUSE came before the Court on Monday July 9, 2018, before the Honorable

Chancellor Jim Kyle upon the Defendants' Motion to Transfer Cases to Part III asking the Court

to transfer case no. CH-18-1003 to Chancery Court Part III, and upon the Motion, statements of

counsel for Defendants and Plaintiffs, and the entire record in this cause, the Court finds that the

Motion is well taken an is here by granted. The Court finds that there are common questions of

law and facts from which the allegations in both cases mutually arise. In addition, the Court finds

that the Plaintiffs in Case No. CH-18-0998 – which is currently pending in Part III of the Shelby

1

County Chancery Court – were first to file their suit and therefore, the case before this Part II of the Shelby County Chancery Court (CH-18-1003) should be transferred to Part III.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendants' Motion to Transfer Case to Part III is granted.

Chancellor Jim Kyle

JUL 09 2018

DATE

2

Approved for Entry:

By: _____

John L. Ryder #08258
Pablo A. Varela #29436
40 S. Main Street, Suite 2210
Memphis, Tennessee  38103
9015251455

*Attorneys for Defendants*


By: _____

Julie Byrd Ashworth
Attorney for Plaintiffs
5575 Poplar Avenue, Suite 723
Memphis, Tennessee 38119

*Attorney for Plaintiffs Myron Lowery and Corey O. Strong*


By: _____

Alexander C. Wharton, or #26957
Andre C. Wharton#22588
Attorneys for Plaintiff
1575 Madison Avenue
Memphis, Tennessee 38104
9017626884

*Attorneys for NAACP Memphis Branch,*
*Angela Barksdale, Dr. Noel Hutchison,*
*Tamara Hendrix and Janice F. Scott*

3

## IN THE CHANCERY COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE MEMPHIS BRANCH (NAACP), ANGELA BARKSDALE, DR. NOEL HUTCHINSON, TAMARA HENDRIX and JANICE F. SCOTT, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| SHELBY COUNTY ELECTION COMMISSION, LINDA PHILLIPS in her official capacity as Administrator of the Shelby County Election Commission, NORMA LESTER, ROBERT MEYERS, DEE NOLLNER, ANTHONY TATE and STEVE STAMSON in their Official Capacities as Members of the Board of Commissioners of the Shelby County Election Commission, | ) ) ) ) ) ) ) ) ) ) ) | No. CH-18-1003-*3* |
| Defendants. | ) | |

Entered

JUL 10 2018

M.B._____

---

### ORDER ON PLAINTIFF'S APPLICATION FOR EXTRAORDINARY RELIEF

It appearing to the Court that a hearing occurred on the 9th day of July, 2018 before the Honorable JOEDAE L. JENKINS, Chancellor of Part III of the Chancery Court on Plaintiffs' application for extraordinary relief, and on the testimony for Plaintiffs of Robert Meyers, Anthony Self, Stephen Ross and for Defendants of Robert Meyers and Joe Young, Exhibits 1 through 8 introduced into evidence, arguments and statements of counsel, and the record as a whole, the Court finds that Plaintiffs ~~have carried their burden of proof as to the request for~~ *Application for extraordinary relief is well taken,* ~~extraordinary relief~~, in that the Court incorporates into this order the attached transcript of the

Court's Findings of Fact and Conclusions of Law recited orally from the bench, the Court

incorporated into this Order the attached Transcript as if recited verbatim herein,

   *IT IS THEREFORE, ORDERED, ADJUDGED and DECREED* that the attached

transcript of the Court's findings of fact and conclusions of law (Exhibit A) are incorporated into

this order as if recited verbatim herein, and constitute the order of the Court.


**HONORABLE JOEDAE L. JENKINS**
Chancellor, Part III, Chancery Court

Date: _July 10, 2018_

APPROVED:


Alexander Wharton (Tenn. Bar #26937)
Attorney for Plaintiffs
1575 Madison Ave.
Memphis, TN 38104
Telephone: (901) 726-6884
Facsimile: (901) 726-6844
Electronic mail: alexanderwharton@thewhartonlawfirm.com


John L. Ryder (Tenn Bar #8258)
Attorney for Defendants
40 S. Main Street, Suite 2210
Memphis, TN 38193
Voice: (901) 525-1455
Facsimile: (901) 526-4084
Electronic mail: jryder@harrisshelton.com

# IN THE CHANCERY COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT
### AT MEMPHIS

MYRON LOWERY,
*Individually,*
COREY O. STRONG,
*Individually and as Chair of the Shelby*
*County Democratic Party,*

    Plaintiffs,

vs.

SHELBY COUNTY ELECTION COMMISSION,
ROBERT D. MEYERS, NORMA LESTER, DEE
NOLLNER, STEVE STAMSON, ANTHONY TATE, *in*
*their Official Capacities as Members of the Shelby County*
*Election Commission, and* LINDA PHILLIPS
*Administrator of Elections,*

    Defendants.

No. CH-18-0998-3



**M.B.**_____

---

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE MEMPHIS
BRANCH (NAACP), ANGELA BARKSDALE, DR.
NOEL HUTCHISON, TAMARA HENDRIX and
JANICE F. SCOTT,

    Plaintiffs,

vs.

SHELBY COUNTY ELECTION COMMISSION,
LINDA PHILLIPS in her official capacity as
Administrator of the Shelby County Election Commission,
NORMA LESTER, ROBERT MEYERS, DEE
NOLLNER, ANTHONY TATE, and STEVE STAMSON,
in their Official Capacities as Members of the Board of
Commissioners of the Shelby County Election
Commission,

    Defendants.

No. CH-18-1003-2

**ORDER GRANTING PARTIAL RELIEF FROM JULY 9, 2018 INJUNCTION ORDER**

This matter came before the Court on July 10, 2018, on the Defendants' *Rule 62 Motion for Stay Pending Appeal* and based on the statements of counsel for Defendants and Plaintiffs, the Motion, the Affidavit of Linda Phillips, and the record as a whole, the Court finds and holds as follows:

1. Based on the statements of counsel for Defendants, the Court finds that *Defendant's Rule 62 Motion for Stay Pending Appeal* shall be treated as a motion to modify the Court's July 9, 2018 injunction order.

2. The Court finds that it has the obligation to balance the overall early voting scheme for the August 2, 2018, election with the best interest of the citizens of Shelby County to ensure that an early voting plan goes forward which the Shelby County Election Commission and the Administrator of Elections agree is workable.

3. The Court finds that based on the Affidavit of Linda Phillips, the Administrator of Elections for the Shelby County Election Commission, it is impossible for the Commission to open all twenty-seven (27) early voting locations by Monday July 16, 2018 as the Court Ordered in its injunction Order on July 9, 2018.

4. To that end, the Court will grant limited relief and modify its injunction Order from July 9, 2018 which will be modified as follows: All remaining the early voting poll locations not opening Friday, July 13, 2018[1] for the August 2, 2018, election shall open on Tuesday July

---

[1] The Court previously ordered that the so-called "head start" early voting locations at Abundant Grace Fellowship Church, 1574 E. Shelby Drive, Memphis, TN 38119; New Bethel Missionary Baptist Church, 7786 Poplar Pike, Germantown, TN 38138; and Shelby County Election Commission, 980 Nixon Drive, Memphis, TN 38134 as well as the court-added polling locations of Dave Wells Community Center, 915 Chelsea Ave., Memphis, TN 38107 and

17th instead of on Monday July 16th as was previously ordered by the Court on July 9, 2018.

Defendants are prohibited from making any further changes relative to early voting for the

August 2, 2018, election.

5. In the event Defendants need to make changes to  early voting for the August 2, 2018,

election, the Defendants are required to obtain Court approval first. The Issues set out *not* & Framed by Plaintiffs' pleadings shall remain under the continuing jurisdiction of this Court

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendants'

motion to modify the Court's injunction Order of July 9, 2018 is hereby granted.

HONORABLE JOEDAE L. JENKINS
Chancellor, Part III

July 13, 2018
DATE

---

Mississippi Blvd. Church ~ Family Life Center, 70 N. Bellevue Blvd., Memphis, TN 38104 shall all open Friday, July 13, 2018 and remain open until the end of early voting Saturday, July 28, 2018.

3

Approved for Entry:

By: _____

John L. Ryder #08258
Pablo A. Varela #29436
40 S. Main Street, Suite 2210
Memphis, Tennessee 38103

*Attorneys for Defendants*


_____
Julie Byrd Ashworth (Tenn. Bar. #13736)
Attorney for Plaintiffs CH-18-0998
5575 Poplar Avenue, Suite 723
Memphis, Tennessee 38119


_____
Alexander C. Wharton (Tenn. Bar #26937)
Andre C. Wharton (Tenn. Bar #22588)
Attorneys for Plaintiffs CH-18-1003
1575 Madison Avenue
Memphis, Tennessee 38104

4

IN THE CHANCERY COURT OF SHELBY COUNTY, TENNESSEE
--------------------------------------------------------

NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
MEMPHIS BRANCH (NAACP), ANGELA
BARKSDALE, DR. NOEL HUTCHISON,
TAMARA HENDRIX and JANICE F. SCOTT,
Plaintiffs,
                        Plaintiffs,

VS.                                      No. CH-18-1003-2


SHELBY COUNTY ELECTION COMMISSION,
LINDA PHILLIPS in her official capacity as
Administrator of the Shelby County Election
Commission, NORMA LESTER, ROBERT MEYERS,
DEE NOLLNER, ANTHONY TATE, and STEVE STAMSON,
in their Official Capacities as Members
of the Board of Commissioners of the
Shelby County Election Commission,
                        Defendants.
--------------------------------------------------------

MYRON LOWERY, Individually,
COREY O. STRONG, Individually and as
Chair of the Shelby County Democratic Party,
                        Plaintiffs,

VS.                                      NO. CH-18-0998-3

SHELBY COUNTY ELECTION COMMISSION,
ROBERT D. MEYERS, NORMA LESTER,
DEE NOLLNER, STEVE STAMSON, ANTHONY
TATE, in their Official Capacities as
Members of the Shelby County Election Commission,
and LINDA PHILLIPS, Administrator of Elections,
--------------------------------------------------------

### RULING OF CHANCELLOR JOE DAE JENKINS

### JULY 10, 2018
--------------------------------------------------------

2

### A P P E A R A N C E S

On Behalf of the Plaintiffs Lowery and Strong:

       MS. JULIE BYRD ASHWORTH
       Attorney at Law
       5575 Poplar Avenue, Suite 723
       Memphis, TN  38119

On Behalf of the Defendants NAACP, Barksdale,
Hutchison, Hendrix and Scott:

       MR. ALEXANDER C. WHARTON
       MR. ANDRE C. WHARTON
       Attorneys at Law
       Wharton Law Firm
       1575 Madison Avenue
       Memphis, TN  38104

On Behalf of the Defendants:

       MR. JOHN L. RYDER
       MR. PABLO A. VARELA
       Attorneys at Law
       Harris, Shelton, Hanover & Walsh
       40 South Main Street, Suite 2210
       Memphis, TN  38103

1                        *     *     *     *     *     *

2              THE COURT:   All right.   Well, here's what

3      we're going to do.   I have to balance the overall

4      scheme for the election coming forward and

5      notwithstanding the troubling remarks that the

6      administrator made with the newspaper, which

7      hopefully I'll get a chance to address with her at

8      some point in the future.   I think the best

9      possible course for the citizens of Shelby County

10     is to ensure that a plan goes forward that the

11     commission and the administrator agree that is

12     workable.   To that extent, my prior ruling will be

13     modified so that the election -- early election

14     poling sites will be open on the 17th as opposed to

15     the 16th.   I want a trial date.

16             THE CLERK:   How far do you want?

17             THE COURT:   About 60 days.   So to the

18     extent that the defendant's motion for modification

19     or stay has been filed and this Court has heard its

20     arguments and the opposing arguments of the

21     plaintiffs, the Court will grant the limited relief

22     of advancing that particular day from the 16th to

23     the 17th.   Mr. Ryder, will you prepare an order to

24     that extent?

CHERI SULLIVAN, RPR, CCR, LCR

1    MR. RYDER:  I will do so.  Thank you, Your
2  Honor.
3       THE COURT:  Any questions?
4       MR. ALEXANDER WHARTON:  Your Honor,
5  procedurally, we filed our matter, the NAACP
6  matter, one oh oh eight, was in Part II, we filed a
7  motion for expedited discovery with the actual
8  questions.  We are asking, being that this is a
9  very sensitive and critical matter, for the sake of
10  our --
11       THE COURT:  How soon do you want the
12  trial?
13       MR. ALEXANDER WHARTON:  Well, Your Honor
14  mentioned 60 days.  If we can get discovery --
15  these are very straightforward questions.  If we
16  could have discovery in no less than two to three
17  weeks.  This is something that I think the Election
18  Commission --
19       THE COURT:  Give them discovery -- not
20  discovery, a scheduling order.  And if you-all
21  would complete the scheduling order, give me some
22  proposed deadlines before you leave here today.
23  We're going to give you a trial date very shortly,
24  and the Court is going to expedite the response

1    times so that we can meet the deadlines for the

2    trial.  Yes, ma'am?

3         MS. BYRD-ASHWORTH:  May I ask one

4    question?  I want to make sure that the Court is

5    keeping open Abundant Grace, New Bethel, which were

6    already going to be open starting the 13th, and

7    they are not going to be closed.  The Court ordered

8    either Dave Wells or Ed Rice and Mississippi

9    Boulevard, those will remain open starting the 13th

10   and will not be closed?

11        THE COURT:  Right.

12        MS. BYRD-ASHWORTH:  And since the Court is

13   giving the defendants relief -- and I respect the

14   Court's ruling, and again I understand, and I will

15   explain it to my clients.  But to the extent that

16   the defendants open additional sites other than the

17   Court Order, that's what my concern is, is that

18   they have come in without producing Administrator

19   Phillips and gotten the Court -- and the Court has

20   heard their argument and given them relief for one

21   day.  I don't want that used to open up other

22   sites, because they said they couldn't even open

23   all of the sites on the 16th.  That's my concern.

24   I don't know whether the Court can fashion a

CHERI SULLIVAN, RPR, CCR, LCR

1    remedy, and I'm not trying to argue --

2            THE COURT:  Well, they are prohibited from

3    doing any other action relative to this election.

4    That is my order.  Is that your understanding?

5            MS. BYRD-ASHWORTH:  I wanted to make that

6    abundantly clear.

7            MR. RYDER:  I didn't understand it that

8    way, but if that's the Court's Order, that's the

9    Court's Order.

10           THE COURT:  Right, yeah, that is my

11   intention.

12           MR. RYDER:  I think Ms. Byrd omitted --

13           THE COURT:  Now, if there is a need -- at

14   this point in time if there is a need to make any

15   adjustments, you need to come back here and we need

16   to talk about it.

17           MR. RYDER:  That's how I anticipated it

18   should work.  Ms. Byrd omitted the Nixon Drive

19   location, but I assume we all take that as a given?

20           THE COURT:  Absolutely.

21           MR. RYDER:  That's fixed in State law.

22           MS. BYRD-ASHWORTH:  Required by law,

23   absolutely.

24           THE COURT:  Now, according to statute,

1    then, you-all will be under my jurisdiction for a

2    year.  So that if you need to do something going

3    forward, even until the general election in

4    November, if you're going to change some things, we

5    need to talk about it in advance.  You'll need to,

6    if you're -- you'll need to report to me any major

7    changes.

8            MR. RYDER:  I'm sorry, I didn't see that

9    in Your Honor's ruling.

10           THE COURT:  Well, I didn't get that

11   specific.  But if there's any question about it,

12   then I think you should err on the side of caution.

13   Well, let me ask you now.  Is there a plan to make

14   any further --

15           MR. RYDER:  I don't know.

16           THE COURT:  -- changes?

17           MR. RYDER:  I don't know.

18           THE COURT:  Okay.

19           MR. ALEXANDER WHARTON:  Out of an

20   abundance of caution and on behalf of the NAACP, in

21   our prayer for relief in the complaint or the

22   allegations we raised relate directly to the August

23   election and those actions that took place prior to

24   then and allegations as to the Open Meetings Act

1    and violations therefor.  So I would not want there

2    to be any issue with the November election, of

3    course, but that is at this point not a ripe

4    matter.

5           THE COURT:  It's not properly before the

6    Court, but I would suggest and I still maintain

7    that if you're going to make major issues, major

8    changes, you want to make sure that you give the

9    public notice.

10          MR. RYDER:  I think we can -- I think we

11   can commit to do that, Your Honor.  And certainly

12   any other issues we can take up -- we're going to

13   get a trial date, and we can deal with some of

14   these at the trial.  But on behalf of my client, I

15   will commit if there are going to be any major

16   changes to early voting, we'll make sure that there

17   is adequate public notice.

18          THE COURT:  All right.  You'll prepare the

19   order?

20          MR. RYDER:  I'll draft the order and

21   circulate it to counsel, and we'll be back with it

22   as soon as we have...

23          MS. BYRD-ASHWORTH:  I would ask that we do

24   exactly --

CHERI SULLIVAN, RPR, CCR, LCR

1          THE COURT:  Just a second.

2          MR. RYDER:  We'll draft the order and

3     circulate it.

4          MS. BYRD-ASHWORTH:  I would simply ask

5     that we do exactly like we did with the order from

6     yesterday's ruling, we attach the ruling of the

7     Court as a transcript to a bare bones order.

8     Because the Court has been clear and concise, and I

9     want the Order to have everything in it, and I want

10    to make sure we read this transcript again before

11    we enter it.

12         THE COURT:  I'll let you all work that

13    out.  If you all can't work that out, then of

14    course the Court will address it at the appropriate

15    time.

16         MR. RYDER:  Thank you, Your Honor.

17         THE COURT:  Just hold up.  We need to get

18    this trial date, and then you all need to work on

19    the scheduling order before you leave.

20         MR. ALEXANDER WHARTON:  Your Honor, in

21    terms of the execution of the Order, the entry of

22    it, do you want us to just leave that with your

23    clerk?

24         THE COURT:  Yes.

1          MR. ALEXANDER WHARTON:  Okay.

2          THE COURT:  All right.  Look at your

3  calendars for October 8th.

4          MR. ALEXANDER WHARTON:  For a trial date,

5  Your Honor?

6          THE COURT:  A trial date, yes.

7          MS. BYRD-ASHWORTH:  Your Honor, I don't

8  think we'll be able to complete all this in time.

9  Just working through the basic orders, joining

10  parties we've got until the end of July, initial

11  motion to dismiss, we want to give everybody some

12  time after that, that would be August 13th.  If we

13  have to amend the pleading in response to a motion

14  to dismiss, we wanted a week to do that, August

15  20th, and then we're getting into the written

16  discovery phase, and then we want to do oral

17  discovery after we get our written discovery, and

18  we want to do this in a complete and thorough

19  manner for the protection of the citizens of Shelby

20  County and so that we can continue to maintain our

21  lawsuit.

22          MR. ALEXANDER WHARTON:  I think the one

23  thing that we were considering, and I haven't

24  spoken with Mr. Ryder about, we don't want there to

1   be any issue as to the November election with us

2   interrupting how the Election Commission needs to

3   operate in terms of making decisions for that.  So

4   maybe a trial date beyond the November date but we

5   could complete --

6            MR. RYDER:  I'm not available on October

7   8th.

8            MR. ALEXANDER WHARTON:  I don't have any

9   objection to going beyond the November election --

10  I don't know about Ms. Byrd -- for a trial.

11           MS. BYRD-ASHWORTH:  I don't, Your Honor.

12           THE COURT:  All right.  Then see Mr.

13  Brown, and you all work it out and find a trial

14  date and get a scheduling order that we can all

15  agree to that keeps us on schedule.

16           MR. ALEXANDER WHARTON:  Very good.

17           MR. RYDER:  Thank you, Your Honor.

18           MR. ALEXANDER WHARTON:  Thank you.

19           MS. BYRD-ASHWORTH:  Your Honor is off the

20  bench.  I know you've given us two days of your

21  life you hadn't ordinarily planned.  You're back on

22  the bench next week?  Two weeks?  Six weeks?

23           THE COURT:  I'll be back Thursday.

24           MS. BYRD-ASHWORTH:  Oh, this week?

CHERI SULLIVAN, RPR, CCR, LCR

```
 1              THE COURT:  Yes.
 2              MS. BYRD-ASHWORTH:  Okay, great.  So we
 3    can get all this done and we can approach you maybe
 4    Friday?
 5              THE COURT:  Yes.
 6              MS. BYRD-ASHWORTH:  Great.  Yes, sir.  I
 7    just wanted to make sure.
 8              MR. RYDER:  Very good.  Thank you, Your
 9    Honor.
10              THE COURT:  All right.  Thank you.
11    Anything else?
12              (No response.)
13              THE COURT:  Stand adjourned.
14                              END OF PROCEEDINGS.
15
16
17
18
19
20
21
22
23
24
```

1                    REPORTER'S CERTIFICATE

2    STATE OF TENNESSEE )

3    COUNTY OF SHELBY   )

4            I, CHERI SULLIVAN, RPR, CCR, LCR, a Notary

5    Public in and for the said state and county, hereby

6    certify that I reported the foregoing proceedings at

7    the time and place set forth in the caption hereof.

8            I further certify that the foregoing

9    proceedings were taken down in stenograph by me; was

10   thereafter transcribed and reduced to typewriting by

11   myself; and the transcript constitutes a full, true

12   and correct record of the foregoing proceedings.

13           I FURTHER CERTIFY that I am not related to

14   any of the parties named herein, nor their counsel;

15   I am not an agent, attorney or counsel for any of

16   the parties; and I have no interest, financial or

17   otherwise, in the outcome or events of this action.

18           IN WITNESS WHEREOF, I have hereunto

19   affixed my signature and official seal on July 11,

20   2018.

21

22   _Cheri Sullivan_____
     CHERI SULLIVAN, RPR, CCR(AR), LCR(TN)
23   Registered Professional Reporter
     Arkansas CCR NO. 247
24   Tennessee LCR NO. 171, Expires June 30, 2020
     Notary Commission Expiration:  February 29, 2020

                CHERI SULLIVAN, RPR, CCR, LCR

# 1

10 [1] - 1:22
11 [1] - 13:19
13th [3] - 5:6, 5:9, 10:12
1575 [1] - 2:10
16th [3] - 3:15, 3:22, 5:23
171 [1] - 13:24
17th [2] - 3:14, 3:23

# 2

2018 [2] - 1:22, 13:20
2020 [2] - 13:24, 13:24
20th [1] - 10:15
2210 [1] - 2:15
247 [1] - 13:23
29 [1] - 13:24

# 3

30 [1] - 13:24
38103 [1] - 2:16
38104 [1] - 2:10
38119 [1] - 2:5

# 4

40 [1] - 2:15

# 5

5575 [1] - 2:4

# 6

60 [2] - 3:17, 4:14

# 7

723 [1] - 2:4

# 8

8th [2] - 10:3, 11:7

# A

able [1] - 10:8
absolutely [2] - 6:20, 6:23
abundance [1] - 7:20
Abundant [1] - 5:5
abundantly [1] - 6:6
according [1] - 6:24
Act [1] - 7:24
action [2] - 6:3, 13:17
actions [1] - 7:23
actual [1] - 4:7
additional [1] - 5:16
address [2] - 3:7, 9:14

adequate [1] - 8:17
adjourned [1] - 12:13
adjustments [1] - 6:15
Administrator [2] - 1:9, 1:19
administrator [3] - 3:6, 3:11, 5:18
advance [1] - 7:5
ADVANCEMENT [1] - 1:3
advancing [1] - 3:22
affixed [1] - 13:19
after [2] - 10:12, 10:17
agent [1] - 13:15
agree [2] - 3:11, 11:15
ALEXANDER [11] - 2:8, 4:4, 4:13, 7:19, 9:20, 10:1, 10:4, 10:22, 11:8, 11:16, 11:18
allegations [2] - 7:22, 7:24
amend [1] - 10:13
ANDRE [1] - 2:8
ANGELA [1] - 1:3
ANTHONY [2] - 1:10, 1:18
anticipated [1] - 6:17
approach [1] - 12:3
appropriate [1] - 9:14
argue [1] - 6:1
argument [1] - 5:20
arguments [2] - 3:20
Arkansas [1] - 13:23
ASHWORTH [13] - 2:3, 5:3, 5:12, 6:5, 6:22, 8:23, 9:4, 10:7, 11:11, 11:19, 11:24, 12:2, 12:6
ASSOCIATION [1] - 1:2
assume [1] - 6:19
attach [1] - 9:6
attorney [1] - 13:15
Attorney [1] - 2:4
Attorneys [2] - 2:9, 2:14
August [3] - 7:22, 10:12, 10:14
available [1] - 11:6
Avenue [2] - 2:4, 2:10

# B

balance [1] - 3:3
bare [1] - 9:7
Barksdale [1] - 2:6
BARKSDALE [1] - 1:4
basic [1] - 10:9
behalf [2] - 7:20, 8:14

Behalf [3] - 2:2, 2:6, 2:12
bench [2] - 11:20, 11:22
best [1] - 3:8
Bethel [1] - 5:5
beyond [2] - 11:4, 11:9
Board [1] - 1:11
bones [1] - 9:7
Boulevard [1] - 5:9
BRANCH [1] - 1:3
brown [1] - 11:13
Byrd [3] - 6:12, 6:18, 11:10
BYRD [13] - 2:3, 5:3, 5:12, 6:5, 6:22, 8:23, 9:4, 10:7, 11:11, 11:19, 11:24, 12:2, 12:6
BYRD-ASHWORTH [12] - 5:3, 5:12, 6:5, 6:22, 8:23, 9:4, 10:7, 11:11, 11:19, 11:24, 12:2, 12:6

# C

calendars [1] - 10:3
Capacities [2] - 1:10, 1:18
capacity [1] - 1:8
caption [1] - 13:7
caution [2] - 7:12, 7:20
CCR [2] - 13:4, 13:23
CCR/AR [1] - 13:22
certainly [1] - 8:11
CERTIFICATE [1] - 13:1
certify [2] - 13:6, 13:8
CERTIFY [1] - 13:13
CH-18-0998-3 [1] - 1:16
CH-18-1003-2 [1] - 1:6
Chair [1] - 1:14
chance [1] - 3:7
CHANCELLOR [1] - 1:21
CHANCERY [1] - 1:1
change [1] - 7:4
changes [4] - 7:7, 7:16, 8:8, 8:16
CHERI [2] - 13:4, 13:22
circulate [2] - 8:21, 9:3
citizens [2] - 3:9, 10:19
clear [2] - 6:6, 9:8

CLERK [1] - 3:16
clerk [1] - 9:23
client [1] - 8:14
clients [1] - 5:15
closed [2] - 5:7, 5:10
COLORED [1] - 1:3
coming [1] - 3:4
COMMISSION [2] - 1:8, 1:17
commission [1] - 3:11
Commission [6] - 1:9, 1:11, 1:19, 4:18, 11:2, 13:24
Commissioners [1] - 1:11
commit [2] - 8:11, 8:15
complaint [1] - 7:21
complete [4] - 4:21, 10:8, 10:18, 11:5
concern [2] - 5:17, 5:23
concise [1] - 9:8
considering [1] - 10:23
constitutes [1] - 13:11
continue [1] - 10:20
COREY [1] - 1:14
correct [1] - 13:12
couldn't [1] - 5:22
counsel [3] - 8:21, 13:14, 13:15
COUNTY [4] - 1:1, 1:8, 1:17, 13:3
county [1] - 13:5
County [6] - 1:9, 1:11, 1:14, 1:19, 3:9, 10:20
course [3] - 3:9, 8:3, 9:14
court [2] - 5:19, 9:7
Court [12] - 3:19, 3:21, 4:24, 5:4, 5:7, 5:12, 5:17, 5:19, 5:24, 8:6, 9:8, 9:14
COURT [29] - 1:1, 3:2, 3:17, 4:3, 4:11, 4:19, 5:11, 6:2, 6:10, 6:13, 6:20, 6:24, 7:10, 7:16, 7:18, 8:5, 8:18, 9:1, 9:12, 9:17, 9:24, 10:2, 10:6, 11:12, 11:23, 12:1, 12:5, 12:10, 12:13
Court's [3] - 5:14, 6:8, 6:9
critical [1] - 4:9

# D

DAE [1] - 1:21
date [9] - 3:15, 4:23, 8:13, 9:18, 10:4, 10:6, 11:4, 11:14
Dave [1] - 5:8
days [3] - 3:17, 4:14, 11:20
deadlines [2] - 4:22, 5:1
deal [1] - 8:13
decisions [1] - 11:3
DEE [2] - 1:10, 1:18
defendant's [1] - 3:18
defendants [2] - 5:13, 5:16
Defendants [3] - 1:12, 2:6, 2:12
Democratic [1] - 1:14
directly [1] - 7:22
discovery [8] - 4:7, 4:14, 4:16, 4:19, 4:20, 10:16, 10:17
dismiss [2] - 10:11, 10:14
done [1] - 12:3
down [1] - 13:9
DR [1] - 1:4
draft [2] - 8:20, 9:2
Drive [1] - 6:18

# E

early [2] - 3:13, 8:16
Ed [1] - 5:8
eight [1] - 4:6
either [1] - 5:8
election [9] - 3:4, 3:13, 6:3, 7:3, 7:23, 8:2, 11:1, 11:9
ELECTION [2] - 1:8, 1:17
Election [5] - 1:9, 1:11, 1:19, 4:17, 11:2
Elections [1] - 1:19
end [1] - 10:10
END [1] - 12:14
ensure [1] - 3:10
enter [1] - 9:11
entry [1] - 9:21
err [1] - 7:12
events [1] - 13:17
exactly [2] - 8:24, 9:5
execution [1] - 9:21
expedite [1] - 4:24
expedited [1] - 4:7
Expiration [1] - 13:24
Expires [1] - 13:24

**F**

explain [1] - 5:15
extent [4] - 3:12, 3:18, 3:24, 5:15
far [1] - 3:16
fashion [1] - 5:24
February [1] - 13:24
filed [3] - 3:19, 4:5, 4:6
financial [1] - 13:16
find [1] - 11:13
Firm [1] - 2:9
fixed [1] - 6:21
FOR [1] - 1:2
foregoing [2] - 13:6, 13:8, 13:12
forth [1] - 13:7
forward [3] - 3:4, 3:10, 7:3
Friday [1] - 12:4
full [1] - 13:11
further [2] - 7:14, 13:8
FURTHER [1] - 13:13
future [1] - 3:8

**G**

general [1] - 7:3
given [3] - 5:20, 6:19, 11:20
Grace [1] - 5:5
grant [1] - 3:21
great [2] - 12:2, 12:6

**H**

Hanover [1] - 2:15
Harris [1] - 2:15
have.. [1] - 8:22
heard [2] - 3:19, 5:20
HENDRIX [1] - 1:4
Hendrix [1] - 2:7
hereby [1] - 13:5
herein [1] - 13:14
hereof [1] - 13:7
hereunto [1] - 13:18
hold [1] - 9:17
Honor [12] - 4:2, 4:4, 4:13, 8:11, 9:16, 9:20, 10:5, 10:7, 11:11, 11:17, 11:19, 12:9
Honor's [1] - 7:9
hopefully [1] - 3:7
HUTCHISON [1] - 1:4
Hutchison [1] - 2:7

**I**

II [1] - 4:6

**IN**

IN [2] - 1:1, 13:18
Individually [2] - 1:13, 1:14
initial [1] - 10:10
intention [1] - 6:11
interest [1] - 13:16
interrupting [1] - 11:2
issue [2] - 8:2, 11:1
issues [2] - 8:7, 8:12

**J**

JANICE [1] - 1:4
JENKINS [1] - 1:21
JOE [1] - 1:21
JOHN [1] - 2:13
joining [1] - 10:9
JULIE [1] - 2:3
July [2] - 10:10, 13:19
JULY [1] - 1:22
June [1] - 13:24
jurisdiction [1] - 7:1

**K**

keeping [1] - 5:5
keeps [1] - 11:15

**L**

Law [4] - 2:4, 2:9, 2:9, 2:14
law [2] - 6:21, 6:22
lawsuit [1] - 10:21
LCR [2] - 13:4, 13:24
LCR(TN [1] - 13:22
leave [3] - 4:22, 9:19, 9:22
less [1] - 4:16
LESTER [2] - 1:9, 1:17
life [1] - 11:21
limited [1] - 3:21
LINDA [2] - 1:8, 1:19
location [1] - 6:19
look [1] - 10:2
LOWERY [1] - 1:13
Lowery [1] - 2:2

**M**

ma'am [1] - 5:2
Madison [1] - 2:10
Main [1] - 2:15
maintain [2] - 8:6, 10:20
major [4] - 7:6, 8:7, 8:15
manner [1] - 10:19
matter [4] - 4:5, 4:6, 4:9, 8:4
meet [1] - 5:1

**Meetings**

Meetings [1] - 7:24
Members [2] - 1:10, 1:19
Memphis [3] - 2:5, 2:10, 2:16
MEMPHIS [1] - 1:3
mentioned [1] - 4:14
MEYERS [2] - 1:9, 1:17
Mississippi [1] - 5:8
modification [1] - 3:18
modified [1] - 3:13
motion [4] - 3:18, 4:7, 10:11, 10:13
MR [29] - 2:8, 2:8, 2:13, 2:14, 4:1, 4:4, 4:13, 6:7, 6:12, 6:17, 6:21, 7:8, 7:15, 7:17, 7:19, 8:10, 8:20, 9:2, 9:16, 9:20, 10:1, 10:4, 10:22, 11:6, 11:8, 11:16, 11:17, 11:18, 12:8
MS [13] - 2:3, 5:3, 5:12, 6:5, 6:22, 8:23, 9:4, 10:7, 11:11, 11:19, 11:24, 12:2, 12:6
MYRON [1] - 1:13

**N**

NAACP [4] - 1:3, 2:6, 4:5, 7:20
named [1] - 13:14
NATIONAL [1] - 1:2
need [10] - 6:13, 6:14, 6:15, 7:2, 7:5, 7:6, 9:17, 9:18
needs [1] - 11:2
New [1] - 5:5
newspaper [1] - 3:6
next [1] - 11:22
Nixon [1] - 6:18
NO [3] - 1:16, 13:23, 13:24
NOEL [1] - 1:4
NOLLNER [2] - 1:10, 1:18
NORMA [2] - 1:9, 1:17
Notary [1] - 13:4
notary [1] - 13:24
notice [2] - 8:9, 8:17
notwithstanding [1] - 3:5
November [5] - 7:4, 8:2, 11:1, 11:4, 11:9

**O**

objection [1] - 11:9
October [2] - 10:3, 11:6
OF [6] - 1:1, 1:3, 1:21, 12:14, 13:2, 13:3
official [2] - 1:8, 13:19
Official [2] - 1:10, 1:18
omitted [2] - 6:12, 6:18
one [4] - 4:6, 5:3, 5:20, 10:22
Open [1] - 7:24
open [7] - 3:14, 5:5, 5:6, 5:9, 5:16, 5:21, 5:22
operate [1] - 11:3
opposed [1] - 3:14
opposing [1] - 3:20
oral [1] - 10:16
Order [2] - 5:17, 9:21
order [14] - 3:23, 4:20, 4:21, 6:4, 6:8, 6:9, 8:19, 8:20, 9:2, 9:5, 9:7, 9:9, 9:19, 11:14
ordered [1] - 5:7
orders [1] - 10:9
ordinarily [1] - 11:21
other [4] - 5:16, 5:21, 6:3, 8:12
otherwise [1] - 13:17
outcome [1] - 13:17
overall [1] - 3:3

**P**

PABLO [1] - 2:14
Part [1] - 4:6
particular [1] - 3:22
parties [3] - 10:10, 13:14, 13:16
Party [1] - 1:14
PEOPLE [1] - 1:3
phase [1] - 10:16
Phillips [1] - 5:19
PHILLIPS [2] - 1:8, 1:19
place [2] - 7:23, 13:7
plaintiffs [1] - 3:21
Plaintiffs [4] - 1:5, 1:5, 1:15, 2:2
plan [2] - 3:10, 7:13
planned [1] - 11:21
pleading [1] - 10:13
point [3] - 3:8, 6:14, 8:3
poling [1] - 3:14
Poplar [1] - 2:4
possible [1] - 3:9

**prayer**

prayer [1] - 7:21
prepare [2] - 3:23, 8:18
prior [2] - 3:12, 7:23
procedurally [1] - 4:5
PROCEEDINGS [1] - 12:14
proceedings [3] - 13:6, 13:9, 13:12
producing [1] - 5:18
Professional [1] - 13:23
prohibited [1] - 6:2
properly [1] - 8:5
proposed [1] - 4:22
protection [1] - 10:19
Public [1] - 13:5
public [2] - 8:9, 8:17

**Q**

question [2] - 5:4, 7:11
questions [3] - 4:3, 4:8, 4:15

**R**

raised [1] - 7:22
read [1] - 9:10
record [1] - 13:12
reduced [1] - 13:10
Registered [1] - 13:23
relate [1] - 7:22
related [1] - 13:13
relative [1] - 6:3
relief [4] - 3:21, 5:13, 5:20, 7:21
remain [1] - 5:9
remarks [1] - 3:5
remedy [1] - 6:1
report [1] - 7:6
reported [1] - 13:6
Reporter [1] - 13:23
REPORTER'S [1] - 13:1
required [1] - 6:22
respect [1] - 5:13
response [3] - 4:24, 10:13, 12:12
Rice [1] - 5:8
ripe [1] - 8:3
ROBERT [2] - 1:9, 1:17
RPR [2] - 13:4, 13:22
ruling [5] - 3:12, 5:14, 7:9, 9:6
RULING [1] - 1:21
Ryder [2] - 3:23, 10:24
RYDER [16] - 2:13,

4:1, 6:7, 6:12, 6:17,
6:21, 7:8, 7:15, 7:17,
8:10, 8:20, 9:2, 9:16,
11:6, 11:17, 12:8

## S

sake [1] - 4:9
schedule [1] - 11:15
scheduling [4] - 4:20,
4:21, 9:19, 11:14
scheme [1] - 3:4
SCOTT [1] - 1:4
Scott [1] - 2:7
seal [1] - 13:19
second [1] - 9:1
see [2] - 7:8, 11:12
sensitive [1] - 4:9
set [1] - 13:7
SHELBY [4] - 1:1, 1:8,
1:17, 13:3
Shelby [6] - 1:9, 1:11,
1:14, 1:19, 3:9,
10:19
Shelton [1] - 2:15
shortly [1] - 4:23
side [1] - 7:12
signature [1] - 13:19
simply [1] - 9:4
sites [4] - 3:14, 5:16,
5:22, 5:23
six [1] - 11:22
soon [2] - 4:11, 8:22
sorry [1] - 7:8
South [1] - 2:15
specific [1] - 7:11
spoken [1] - 10:24
STAMSON [2] - 1:10,
1:18
stand [1] - 12:13
starting [2] - 5:6, 5:9
State [1] - 6:21
STATE [1] - 13:2
state [1] - 13:5
statute [1] - 6:24
stay [1] - 3:19
stenograph [1] - 13:9
STEVE [2] - 1:10, 1:18
still [1] - 8:6
straightforward [1] -
4:15
Street [1] - 2:15
STRONG [1] - 1:14
Strong [1] - 2:2
suggest [1] - 8:6
Suite [2] - 2:4, 2:15
SULLIVAN [2] - 13:4,
13:22

## T

take [2] - 6:19, 8:12
taken [1] - 13:9
TAMARA [1] - 1:4
TATE [2] - 1:10, 1:18
Tennessee [1] - 13:24
TENNESSEE [2] - 1:1,
13:2
terms [2] - 9:21, 11:3
thereafter [1] - 13:10
therefor [1] - 8:1
thorough [1] - 10:18
three [1] - 4:16
through [1] - 10:9
Thursday [1] - 11:23
TN [3] - 2:5, 2:10, 2:16
today [1] - 4:22
took [1] - 7:23
transcribed [1] - 13:10
transcript [3] - 9:7,
9:10, 13:11
trial [12] - 3:15, 4:12,
4:23, 5:2, 8:13, 8:14,
9:18, 10:4, 10:6,
11:4, 11:10, 11:13
troubling [1] - 3:5
true [1] - 13:11
trying [1] - 6:1
two [3] - 4:16, 11:20,
11:22
typewriting [1] - 13:10

## U

under [1] - 7:1
up [3] - 5:21, 8:12,
9:17

## V

VARELA [1] - 2:14
violations [1] - 8:1
voting [1] - 8:16
VS [2] - 1:6, 1:16

## W

Walsh [1] - 2:15
week [3] - 10:14,
11:22, 11:24
weeks [3] - 4:17,
11:22
wells [1] - 5:8
WHARTON [12] - 2:8,
2:8, 4:4, 4:13, 7:19,
9:20, 10:1, 10:4,
10:22, 11:8, 11:16,
11:18
Wharton [1] - 2:9
WHEREOF [1] - 13:18

without [1] - 5:18
WITNESS [1] - 13:18
workable [1] - 3:12
written [2] - 10:15,
10:17

## Y

year [1] - 7:2
yesterday's [1] - 9:6
you-all [2] - 4:20, 7:1