## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE MEMPHIS BRANCH (NAACP), ANGELA BARKSDALE, DR. NOEL HUTCHISON, TAMARA HENDRIX and JANICE F. SCOTT, | Case No. 2:18-cv-02534 |
| Plaintiffs, | |
| vs. | |
| SHELBY COUNTY ELECTION COMMISSION, LINDA PHILLIPS in her official capacity as Administrator of the Shelby County Election Commission, NORMA LESTER, ROBERT MEYERS, DEE NOLLNER, ANTHONY TATE, and STEVE STAMSON, in their Official Capacities as Members of the Board of Commissioners of the Shelby County Election Commission, | [FORMERLY Shelby County Chancery Court, Part III—Case No. CH-18-1003] |
| Defendants. | |

## ANSWER

COME NOW, Defendants, Shelby County Election Commission, Linda Philips, Norma Lester, Robert Meyers, Dee Nollner, Anthony Tate, and Steve Stamson ("Defendants" or "SCEC"), and for their answer to the complaint filed by Plaintiffs state as follows:

In response to the individually numbered Paragraphs, Defendants state as follows:

1. Defendants are without sufficient information or knowledge to form an opinion as to the truth of the factual allegations in Paragraph 1.

2. Defendants are without sufficient information or knowledge to form an opinion as to the truth of the factual allegations in Paragraph 2.

1

3. Defendants are without sufficient information or knowledge to form an opinion as to the truth of the factual allegations in Paragraph 3.

4. Defendants are without sufficient information or knowledge to form an opinion as to the truth of the factual allegations in Paragraph 4.

5. Upon information and belief, Defendants admit the Memphis NAACP is a non-partisan, nonprofit organization founded in 1917. The remaining allegations in paragraph 5 are denied.

6. Defendants admit the SCEC conducts elections in Shelby County Tennessee. Any other implied allegations in paragraph 6 are denied.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

12. Defendants have removed the case from state court and aver that the District Court for the Western District of Tennessee has proper jurisdiction over this case and that venue before the District Court is the proper venue.

13. See answer to paragraph 12.

14. Defendants incorporate by reference the answers in paragraphs 1 through 13.

15. Defendants state that Tenn. Code Ann. §§ 8-44-101 to -201 speak for themselves.

16. Defendants state that Tenn. Code Ann. § 8-44-102(a) speaks for itself.

17. Defendants admit the SCEC is subject to the Tennessee Open Meetings Act. Defendants deny any implied allegation that the SCEC violated the Tennessee Open Meetings Act at any time related to these proceedings.

18. Defendants admit the public has a right to access public meetings pursuant to the Tennessee Open Meetings Act. Defendants deny any alleged violation of the Tennessee Open Meetings Act by any SCEC commissioners or the Administrator of Elections related to these proceedings. Defendants deny that a SCEC board member speaking to a SCEC staff member is a violation of the Tennessee Open Meetings Act.

19. Defendants admit that Commissioner Anthony Tate called the SCEC Chairman prior to the June 29, 2018 meeting to advise that he was communicating with the Shelby County Democratic Party leadership to reach a resolution about the concerns of the public related to the change in the early voting schedule and locations; however, the Chairman advised Commissioner Tate that he would have to present any resolution to the body on June 29, 2018. Defendants deny that any deliberations or decisions were made by any of the SCEC commissioners at any time related to these proceedings.

20. Defendants admit that the discussion described in Answer 19 above occurred over the telephone. Defendants deny that any deliberations regarding the subject matter of the Resolutions of June 29, 2018 were had during the telephone conversation.

21. Denied.

22. Defendants deny any secret meetings took place in violation of the Tennessee Open Meeting Act. The remaining allegations in paragraph 22 are denied.

23. Defendants deny any secret meetings took place in violation of the Tennessee Open Meeting Act. The remaining allegations in paragraph 23 are denied.

24. Defendants deny any secret meetings took place in violation of the Tennessee Open Meeting Act. The remaining allegations in paragraph 24 are denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Defendants incorporate by reference the answers in paragraphs 1 through 28.

30. Defendants admit most of the duties of the SCEC are fairly described as ministerial. Any remaining allegations in paragraph 30 are denied.

31. Defendants admit some, limited duties of the SCEC outlined in the Election Code involve its discretion and judgment. Any remaining allegations in paragraph 31 are denied.

32. Admitted.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Defendants incorporate by reference the answers in paragraphs 1 through 39.

41. Paragraph 41 contains no factual allegations related to Defendants requiring no answer from Defendants.

42. Defendants are without sufficient information of knowledge to form an opinion as to the truth of the factual allegations in Paragraph 42.

43. Defendants are without sufficient information of knowledge to form an opinion as to the truth of the factual allegations in Paragraph 43.

44. Defendants state the Voting Rights Act of 1965 speaks for itself.

45. Defendants state that the Tennessee Constitution Article I, § 5 and Article IV, § 1 speak for themselves.

46. Denied.

47. Denied.

48. Defendants deny any violation of the Tennessee Open Records Act, the Voting Rights Act of 1965, or the Tennessee or U.S. Constitutions.

49. Denied.

50. Denied.

### PRAYER FOR REIEF

In response to Plaintiffs' individually enumerated Prayer for Relief Defendants state as follows:

1. Defendants deny Plaintiffs are entitled to any relief sough in sub-paragraph 1a. Defendants state the relief sought in sub-paragraphs 1b through 1d is now moot.

2. Defendants deny Plaintiffs are entitled to the relief sought in paragraph 2 of the Prayer for Relief.

3. Defendants state the relief sought in paragraph 3(a) or 3(b) of the Prayer for Relief is moot.

4. Defendants deny Plaintiffs are entitled to the relief sought in paragraph 4 of the Prayer for Relief.

5. Defendants deny Plaintiffs are entitled to the relief sought in paragraph 5 of the Prayer for Relief.

6. Defendants deny Plaintiffs are entitled to the relief sought in paragraph 6 of the Prayer for Relief.

7. Defendants state the relief sought in paragraph 7 of the Prayer for Relief is now moot.

8. Defendants deny Plaintiffs are entitled to the relief sought in paragraph 8 of the Prayer for Relief.

9. Defendants deny Plaintiffs are entitled to the relief sought in paragraph 9 of the Prayer for Relief.

10. Defendants deny Plaintiffs are entitled to the relief sought in paragraph 10 of the Prayer for Relief.

## AFIRMATIVE DEFENSES

For their affirmative defenses, Defendants state as follows:

1. <u>Failure to State a Claim</u>.  Plaintiffs have failed to state a claim for violation of the Tennessee Open Meetings act, the Tennessee Election laws, or the Voter Rights Act of 1965, for which relief may be granted by this court.

2. <u>Attorney fees are not recoverable</u>. Plaintiffs cite no provision of the Tennessee Code or any other law which would entitle them to attorney fees in this cause.

WHEREFORE, Defendants having fully answered Plaintiffs Complaint respectfully ask this Court to dismiss the case.

        Respectfully submitted,

        HARRIS SHELTON HANOVER WALSH, PLLC

        By: */s/ Pablo A. Varela*
        John L. Ryder #08258
        Pablo A. Varela #29436
        40 S. Main Street, Suite 2210
        Memphis, Tennessee  38103
        Tel:  (901) 525-1455
        Fax:  (901) 526-4084
        jryder@harrisshelton.com
        *Attorneys for Shelby County Election*
        *Commission, Linda Philips, Norma Lester,*
        *Robert Meyers, Dee Nollner, Anthony Tate,*
        *and Steve Stamson*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been sent to:

Alexander C. Wharton, or
Andre C. Wharton
Attorneys for Plaintiff
1575 Madison Avenue
Memphis, Tennessee 38104

via U.S. Mail, postage prepaid, on this the 14th day of August 2018.

        */s/ Pablo A. Varela*
        Pablo A. Varela