IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE MEMPHIS BRANCH (NAACP), ANGELA BARKSDALE, DR. NOEL HUTCHINSON, TAMARA HENDRIX and JANICE F. SCOTT,<br><br>    Plaintiffs,<br><br>v.<br><br>SHELBY COUNTY ELECTION COMMISSION, LINDA PHILLIPS in her official capacity as Administrator of the Shelby County Election Commission, NORMA LESTER, ROBERT MEYERS, DEE NOLLNER, ANTHONY TATE and STEVE STAMSON in their Official Capacities as Members of the Board of Commissioners of the Shelby County Election Commission,<br><br>    Defendants. | No. 2:18-cv-02534 |

**PLAINTIFFS' MOTION TO REMAND TO STATE COURT
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Come Now Plaintiffs, by and through their undersigned counsel, pursuant to 28 U.S.C. § 1447, and move this Honorable Court to dismiss Defendants' removal and remand the case to Shelby County, Tennessee Chancery Court Part III, where the action was originally filed. In support of this Motion, Plaintiffs respectfully show as follows:

**PROCEDURAL HISTORY**

On July 6, 2018, Plaintiffs filed a Verified Complaint for Injunctive Relief and Declaratory Judgment. In their Complaint, Plaintiffs alleged Defendants, in their official

1

capacities, violated Tennessee Open Meetings Act, Tenn. Code Ann. §§8-44-101 to 8-44-201, State of Tennessee election laws Tenn. Code Ann. §2-12-116, et seq., and a violation of the Voting Rights Act of 1965, 42 U.S.C. §1973, and Article I, Section V and Article IV, Section 1 of the Tennessee Constitution. On July 9-10, 2018, Chancellor Jodae Jenkins of Shelby County Chancery Court, Part III, received evidence, testimony and arguments in support of Plaintiffs' request for injunctive relief. On July 9, 2018, Chancellor Jenkins granted Plaintiffs' request for an injunction and enjoined Defendants from taking certain actions related to the August 2018 electoral process in Shelby County, Tennessee. On August 2, 2018, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1331, § 1441 and § 1446.

## LAW AND ARGUMENT

Pursuant to 28 U.S.C. §1447(c), "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded…" 28 U.S.C. §1447(c) (2017). The seminal case in the Sixth Circuit that addresses the removal of a case from state court to federal court is *Ohio ex rel. Skaggs v. Brunner,* 549 F.3d 468 (2008). In *Brunner,* the plaintiffs sued a defendant/state official and alleged a violation of the state's election laws. The defendant sought to remove the case to federal court and the plaintiffs contested said removal. In its analysis, the Court held that federal courts are courts of limited jurisdiction. "Unlike state trial courts, [federal courts] do not have general jurisdiction to review questions of federal *and* [emphasis added] state law, but only the authority to decide cases that the Constitution and Congress have empowered them to resolve." *Id.* at 474. "Absent diverse parties or absent one of the other express (though rarely relied upon) grounds for removal, *see 28 U.S.C. §§ 1442-1444—*

none of which applies here—the defendant may take the dispute to federal court only if the plaintiff's claim 'aris [es] under' federal law." *Id.* (citing to 28 U.S.C. § 1441(b) and *Mikulski v. Centerior Energy Corp.,* 501 F.3d 555, 560 (6th Cir. 2007)). In *Brunner,* the Sixth Circuit Court of Appeals held that a federal court has the final say on what a state law means. *Brunner* at 472.

In matters that involve both state law claims and federal claims, "pursuant to Article III, a court may not exercise jurisdiction over state claims unless those claims share a 'common nucleus of operative fact' with some federal claim. If a state claim is not sufficiently related to a federal claim to satisfy this test, it is not part of the same constitutional 'case' as the federal claim, and hence may not be addressed in federal court alongside the federal claim." *Salei v. Boardwalk Regency Corp.*, 913 F. Supp. 993, 1006-07 (1996) (quoting *Thomas v. Shelton*, 740 F.2d 478, 483 (7th Cir. 1984)).

The basis of Defendants' removal is that Plaintiffs' Complaint includes a single federal claim that Defendants violated a single federal law, which is the Voting Rights Act of 1965, codified under 42 U.S.C. §1973. However, what Defendants fail to state is that the Voting Rights Act claim is secondary to the allegation that Defendants also violated Article I, Section 5 and Article IV, Section 1 of the Tennessee Constitution. Additionally, Plaintiffs' first two claims against Defendants are based entirely in State of Tennessee law. Specifically, in Count 1 of the Complaint, Plaintiffs allege that Defendants violated the Tennessee Open Meetings Act, codified as Tenn. Code. Ann. §§ 8-44-101- 8-44-201, and in Count 2 of the Complaint, Plaintiffs allege that Defendants violated numerous State of Tennessee Election Laws, Tenn. Code Ann. § 2-12-116, et. seq.  The single nexus between Counts I and II and Count III of Plaintiffs' Complaint is that Defendants are alleged to have committed all of the allegations. Counts I and II of the Complaint are purely State of Tennessee claims. Even Count III is partly based in state

constitutional law. This Court does not have original jurisdiction of the state law claims in this case, as the term is referenced in 28 U.S.C. § 1441; accordingly, this Court lacks subject matter jurisdiction of Plaintiffs' Complaint.

Pursuant to the Court of Appeal's holding in *Brunner*, as this Court does not have unfettered statutory or constitutional authority to decide matters involving state and federal law, the law mandates that this entire matter be remanded to Shelby County Chancery Court. Alternatively, this Court should remand the state law claims advanced by Plaintiff to Shelby County Chancery Court Part III and retain jurisdiction only over those claims whose jurisdiction lies with Federal Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully pray that this Court enter an Order granting Plaintiffs' Motion to Remand.

**RESPECTFULLY SUBMITTED,**

*THE WHARTON LAW FIRM*

s/Alexander C. Wharton_____
Alexander C. Wharton (#026937)
André C. Wharton (#22588)
1575 Madison Avenue
Memphis, Tennessee 38104
901-726-6884
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true copy of the foregoing Motion to Remand Memorandum in Support thereof was forwarded by electronic means via the Court's electronic filing system to the following counsel of record, Mr. John Ryder and Mr. Pablo Varela, Defendants' Attorneys at 40 S. Main Street, Suite 2210, Memphis, Tennessee 38103, this the 28th day of August, 2018.

                                                s/ ALEXANDER C. WHARTON_____