UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE MEMPHIS BRANCH (NAACP), ANGELA BARKSDALE, DR. NOEL HUTCHISON, TAMARA HENDRIX and JANICE F. SCOTT, | |
| Plaintiffs, | |
| vs. | Case: 2:18-cv-02534-SHM-cgc |
| SHELBY COUNTY ELECTION COMMISSION, LINDA PHILLIPS in her official capacity as Administrator of the Shelby County Election Commission, NORMA LESTER, ROBERT MEYERS, DEE NOLLNER, ANTHONY TATE, and STEVE STAMSON, in their Official Capacities as Members of the Board of Commissioners of the Shelby County Election Commission, | [FORMERLY Shelby County Chancery Court, Part III—Case No. CH-18-1003] |
| Defendants. | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' FIRST MOTION TO REMAND TO STATE COURT

Defendants, Shelby County Election commission, Linda Philips, Norma Lester, Robert Meyers, Dee Nollner, Anthony Tate, and Steve Stamson ("Defendants" or "SCEC") submit the following response in opposition to *Plaintiffs' Motion to Remand to State Court and Memorandum of Law in Support Thereof* and in response to Plaintiffs motion state as follows:

BACKGROUND

The present case was filed by Plaintiffs in response to the Shelby County Election Commissions determination to adopt an early voting plan at its regularly scheduled June 21,

2018 Commission meeting. In early 2018, the Chairman of the Shelby County Election Commission asked Linda Phillips, the Administrator of Elections for Shelby County, to review the Commissions early voting plan to determine if the plan adequately served all citizens of Shelby County. The Administrator of Elections is an employee of the Shelby County Election Commission and not a member of the Board.

On June 21, 2018, the Administrator of Elections made a presentation concerning her findings to the Shelby County Election Commission during the regular Commission meeting. She also recommended an early voting plan to the Commission which included one (1) early voting site to open on July 13, 2018 and to increasing the total early voting sites from twenty-one (21) to twenty-six (26) and open all sites from July 18, 2018 through July 28, 2018. Subsequently, an additional early voting location was added as required by Tennessee State law for a total of twenty-seven (27) early voting sites. The proposed plan was unanimously adopted by the four (4) members of the Shelby County Election Commission Board who were present on June 21, 2018. One member of the Board was not present on June 21, 2018.

On June 29, 2018, the Shelby County Election Commission convened a special meeting of the Commission to hear public comments concerning the early voting plan. After hearing public comments to the plan, the Commission members proposed a compromise to the early voting plan whereby three (3) early voting sites would open for the first four (4) days of early voting. The compromise plan called for the Democratic Commissioners to pick one early voting site and the Republican Commissioners to pick the other site. The third early voting site would be the Shelby County Election Commission office at 980 Nixon Drive as required by Tennessee State law. The compromise plan was unanimously adopted by all five (5) Commission members.

Subsequently, Plaintiffs filed the instant law suit alleging the Shelby County Election Commission violated the Tennessee Open Meetings Act, the Tennessee Election Code, the Tennessee Constitution, and Section 2 of the Voting Rights Act of 1965. A preliminary injunction hearing was sought by Plaintiffs and held on July 9, 2018 before the Honorable Chancellor Jenkins. The Court issued a preliminary injunction enjoining the Shelby County Election Commission from implementing the early voting plans adopted on June 21 and June 29, and further ordered the Commission to open two (2) more early voting sites on July 13, 2018 and to open the all early voting sites on July 16 (two days earlier than originally planned). On July 10, 2018, Defendants sought and were granted partial relief from the Court's injunction order allowing the Commission to open all remaining sites on July 17.

The Commission implemented the Court ordered early voting plan. The early voting period for the August 2, 2018 election took place from July 13th through July 28th.

PROCEDURAL HISTORY

1. On July 6, 2018, Plaintiffs National Association for the Advancement of Colored People Memphis Branch (NAACP), Angela Barksdale, Dr. Noel Hutchison, Tamara Hendrix, and Janice F. Scott filed a Complaint in the Shelby County Chancery Court styled *NAACP v. Shelby Cty. Election Comm'n*, Case No. CH-18-10032 (the "**Complaint**").

2. Plaintiffs' Complaint alleged, inter alia, that the Chancery Court had jurisdiction under 42 U.S.C. §1973 et seq. [sic] [1] (Complaint, ¶12).

3. Plaintiffs' Complaint alleged Defendants violated the Tennessee Open Meetings Act at Tenn. Code Ann. § 8-44-101 et seq. (Complaint, ¶¶ 14-28).

---

[1] The Voting Rights Act of 1965 was transferred from title 42 of the United States Code to title 52 of the United States Code.

4. Plaintiffs' Complaint alleges Defendants violated the Tennessee Election Laws at Tenn. Code Ann. §2-12-116 et seq. (Complaint, ¶¶ 29-39).

5. Plaintiffs' Complaint alleges Defendants violated the Voting Rights Act of 1965, 42 U.S.C. § 1973 [sic] and Article I sec. V and Article IV, sec. 1 of the Tennessee Constitution. (Complaint, ¶¶ 40-50).

6. Defendants were served with the Summons and Complaint on July 6, 2018.

7. On August 2, 2018, Defendants timely removed this case to the District Court for the Western District of Tennessee, Western Division.

8. Removal was based on the allegations in the Complaint that Defendants violated Section 2 of the Voting Rights Act of 1965, 41 U.S.C. § 1973.

9. On August 28, 2018, Plaintiffs filed their motion to remand this case to the Shelby County Chancery Court. (Doc. #9).

10. Plaintiffs seek to remand this case on the grounds that the original Complaint contained issues of state law in addition to federal issues (Doc. #9, pp. 2-4).

11. Plaintiffs' motion to remand should be denied because the original Complaint raised claims based on federal law for which this Court has original jurisdiction.

LAW AND ARGUMENT

Plaintiffs' motion to remand the case to state court should be denied. This case is properly removable based on the District Court's federal question jurisdiction. The state-law claims raised in the Complaint do not preclude removal when a plaintiff also alleges claims based on federal law for which the Court has original subject matter jurisdiction. Moreover, the majority of Plaintiffs' state-law claims have been mooted after the end of the early voting period for the August 2, 2018 County General election. Further, the District Court has discretionary

authority to hear and decide the state-law claims since they are so related to the federal claim that they form part of the same case or controversy under Article III of the United States Constitution. Finally, though Plaintiffs cite to the Ohio ex rel. Skaggs v. Brunner as the seminal case on remand in the Sixth Circuit, it does not support Plaintiffs' motion to remand in this case.

**A. This case was properly removed based on Plaintiffs claim arising under federal law.**

The present case was properly removed based on the District Court's federal question jurisdiction. The federal removal statute provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). "Only state-court actions that originally could have been filed in federal court may be removed to federal court the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "Absent diversity of citizenship, federal-question jurisdiction is required." Id. The United States Supreme Court has held that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Id.; Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983).

Pursuant to the well-pleaded complaint rule, removal is only proper if a federal question is presented on the fact of the complaint. Caterpillar, Inc., 482 U.S. at 393; Weaver v. Prudential Ins. Co. of Am., 763 F. Supp. 2d 930, 934 (M.D. Tenn. 2010). The paramount policies embodied in the well-pleaded complaint rule is "that the plaintiff is the master of the complaint, that a federal question must appear on the fact of the complaint, and that the plaintiff may by

eschewing claims based on federal law, choose to have the cause heard in state court." Caterpillar, Inc., 482 U.S. at 399.

Plaintiffs' complaint clearly raises a claim based on federal law in alleging Defendants violated Section 2 of the Voting Rights Act of 1965. (Complaint, ¶¶ 40-44). The Voting Rights Act states that "[t]he district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this section and shall exercise the same without regard to whether the party aggrieved shall have exhausted any administrative or other remedies that may be provided by law." 52 U.S.C. § 10101(d). Unquestionably, the District Court has original jurisdiction over Plaintiffs' Voting Rights Act claims pursuant to 52 U.S.C. §10101(d). Therefore, this case was properly removed to the District Court.

**B. Federal Courts have jurisdiction over the pendant (or ancillary) state-law claims.**

The District Court has discretionary authority to hear and decide pendant (or ancillary) state-law claims whenever there is a claim arising "under the U.S. Constitution, the law of the United States, and treaties." See United Mine Workers v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L.Ed.2d 218, 227 (1966); 28 U.S.C. § 1367. "Pendent jurisdiction may be exercised when federal and state claims have a 'common nucleus of operative fact' and would 'ordinarily be expected to [be tried] all in one judicial proceeding.'" Osborn v. Haley, 549 U.S. 225, 245, 127 S. Ct. 881, 896, 166 L.Ed.2d 819, 840 (2007) (quoting Gibbs, 383 U.S. at 725). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Pursuant to Article III, a court

may exercise jurisdiction of state-law claims that share a "common nucleus of operative fact" with federal claims.

Plaintiffs' federal claims arose out of the exact same operative facts as their state-law claims. The gravamen of Plaintiffs allegations center on the Shelby County Election Commission's adoption of the early voting plan as recommendation by the Shelby County Administrator of Elections which Plaintiffs allege violated the Tennessee Open Meetings Act, the Tennessee Election Laws, the Tennessee Constitution, and the Voting Rights Act of 1965 and consequently the rights of minorities in Memphis and Shelby County. (Complaint, ¶¶ 26, 33-36, 40-50). Plaintiffs' state-law claims and the Federal claim therefore are so related to the Federal question for which the District Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

As a result, the District Court has authority and should exercise its authority pursuant to 28 U.S.C. § 1367(a), to exercise its supplemental jurisdiction over the pendant state-law claims in this case.

## C. Ohio ex rel. Skaggs v. Brunner, 549 F.3d 468 (6th Cir. 2008) does not support remand.

Plaintiffs cite to the Brunner case as supporting remand in this case; however the Brunner case does not support Plaintiffs argument for remand. The Brunner case stands for the proposition that a federal court does not have jurisdiction over a case that was removed from state court when the complaint raises only state-law claims. In Brunner, the questions before the state court were whether Ohio state law requires provisional ballots to contain signatures *and* printed names, and even if it does, should the ballots be counted under an Ohio statute allowing for defective provisional ballots to be counted for mistakes attributable to poll-worker error. Brunner, 549 F.3d at 470-71.

The original complaint in <u>Brunner</u> was completely devoid of federal claims. As noted by the Sixth Circuit, "In bringing this claim, the claimants relied solely on state law and disclaimed any reliance on federal law, stating that "[n]o federal law claims are asserted.'" <u>Brunner</u>, 549 F.3d at 471. The Sixth Circuit also held that the complaint failed the "well-pleaded complaint rule" or the "substantial-federal-issue" exception to non-removal of state-law claims. <u>Brunner</u>, 549 F.3d at 474-78.

In this case Plaintiffs did not rely solely state-law claims or disclaim any reliance on federal law. On its face, Plaintiffs' Complaint raises both state-law claims and federal law claims. As a result, removal of Plaintiffs' Complaint to the District Court was proper and <u>Brunner</u> does not support Plaintiffs' argument that this case should be remanded.

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiffs' motion to remand the case to state court and exercise its supplementary jurisdiction over the pendant state-law claims.

Respectfully submitted,

HARRIS SHELTON HANOVER WALSH, PLLC

By: */s/ Pablo A. Varela*
John L. Ryder #08258
Pablo A. Varela #29436
40 S. Main Street, Suite 2210
Memphis, Tennessee 38103
Tel: (901) 525-1455
Fax: (901) 526-4084
jryder@harrisshelton.com
*Attorneys for Shelby County Election Commission, Linda Philips, Norma Lester, Robert Meyers, Dee Nollner, Anthony Tate, and Steve Stamson*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been sent to:

>Alexander C. Wharton, or
>Andre C. Wharton
>Attorneys for Plaintiff
>1575 Madison Avenue
>Memphis, Tennessee 38104
>andrecwharton@thewhartonlawfirm.com
>alexanderwharton@thewhartonlawfirm.com

via email and U.S. Mail, postage prepaid, on this the 10th day of September, 2018.

>*/s/ Pablo A. Varela*
>Pablo A. Varela