IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE MEMPHIS BRANCH (NAACP), ANGELA BARKSDALE, DR. NOEL HUTCHISON, TAMARA HENDRIX, and JANICE F. SCOTT, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:18-cv-02534-SHM-cgc |
| SHELBY COUNTY ELECTION COMMISSION, LINDA PHILLIPS in her official capacity as Administrator of the Shelby County Election Commission, NORMA LESTER, ROBERT MEYERS, DEE NOLLNER, ANTHONY TATE, and STEVE STAMSON, in their Official Capacities as Members of the Board of Commissioners of the Shelby County Election Commission, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

ORDER

Before the Court is Plaintiffs' Motion to Remand, filed on August 28, 2018. (ECF No. 8.) Defendants responded on September 11, 2018. (ECF No. 10.) Plaintiffs have not replied.

For the following reasons, Plaintiffs' Motion to Remand is DENIED.

**I.   Background**

The initial issue in this case was the location of polling places that the Shelby County Election Commission (the "Commission") opened during the July 13-28, 2018 early voting period leading up to Tennessee's August 2, 2018 election. On or about June 26, 2018, the Commission voted to open one polling place for the first four days of early voting. (ECF No. 1-1 at 7.)[1]  On or about June 30, 2018, the Commission voted to open three additional sites for the first four days of early voting. (Id.)

On July 6, 2018, Plaintiffs sued Defendants in the Chancery Court of Tennessee for the Thirtieth Judicial District at Memphis, seeking injunctive and declaratory relief. (ECF No. 8 at 122.)  Plaintiffs alleged that the location of the Commission's polling places infringed minorities' voting rights in violation of the Voting Rights Act ("VRA"), 52 U.S.C. § 10301; Article I, Section V and Article IV, Section 1, of the Tennessee Constitution; and Tennessee election law, Tenn. Code Ann. §§ 2-12-116, et seq.  Plaintiffs also alleged that the Commission's meetings had violated the Tennessee Open Meetings Act, Tenn. Code Ann. §§ 8-44-101 to 8-44-201.

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

2

On July 9, 2018, the Chancellor "granted Plaintiffs' request for an injunction and enjoined Defendants from taking certain actions related to the August 2018 electoral process in Shelby County, Tennessee." (ECF No. 8 at 123.) The Chancellor ordered the Commission to open two more early voting sites on July 13, 2018, and to open all early voting sites on July 17, 2018. (ECF No. 10 at 136.) The Chancellor told Defendants that, "if you need to do something going forward, even until the general election in November, if you're going to change some things, we need to talk about it in advance. . . . [Y]ou'll need to report to me any major changes." (ECF No. 1-1 at 95.) The Commission implemented the Court-ordered voting plan. (ECF No. 10 at 136.) The election was held on August 2, 2018.

Defendants timely removed to this Court on August 2, 2018, based on the Court's original jurisdiction over the VRA claim. (ECF No. 1 at 2.) Defendants argue that the Court has supplemental jurisdiction over the state law claims. (ECF No. 10 at 6-9.)

## II. Standard of Review

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28

3

U.S.C. § 1441(a). "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Claims form part of the same case or controversy when they "derive from a common nucleus of operative facts." Blakely v. United States, 276 F.3d 853, 861 (6th Cir. 2002).

"[I]f there is some basis for original jurisdiction, the default assumption is that the court will exercise supplemental jurisdiction over all related claims." Campanella v. Commerce Exch. Bank, 137 F.3d 885, 892 (6th Cir. 1998). District courts may decline to exercise supplemental jurisdiction over a related claim if: (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). Even when one of the statutory criteria applies, the district court may exercise supplemental jurisdiction over state law claims "if recommended by a careful consideration of factors such as judicial economy, convenience,

4

fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).

**III. Analysis**

Plaintiffs' VRA claim is within the Court's original jurisdiction. Under 28 U.S.C. § 1331, the Court has original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." The VRA is a law of the United States.

The Court has supplemental jurisdiction over Plaintiffs' state law claims. All of Plaintiffs' claims derive from the common nucleus of Defendants' late June 2018 deliberations and decisions about early voting locations for the August 2 election. Plaintiffs do not argue that any of the 28 U.S.C. § 1367(c) criteria counsel declining supplementary jurisdiction. Their only argument -- that Ohio ex rel. Skaggs v. Brunner, 549 F.3d 468 (6th Cir. 2008), compels the Court to decline supplementary jurisdiction -- is not well-taken. Brunner stands for the proposition that, absent diversity jurisdiction or other express grounds for removal, defendants may remove to federal court only if plaintiff's claim arises under federal law. 549 F.3d at 474. Removal was improper in Brunner because the complaint "relied solely on state law and disclaimed any reliance on federal law . . . ." Id. at 471. That is not true here. Plaintiffs' Complaint states a federal cause of action.

5

**IV. Conclusion**

For the foregoing reasons, Plaintiffs' Motion to Remand is DENIED.

So ordered this 20th day of September, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE